Frank Richard Netherton, Plaintiffs-Appellants, v. Arthur Arends and Edmund Dorner, Defendants-Appellees.

Gen. No. 10,822.

Fourth District.

March 31, 1967.

Looker and McKnelly, of Watseka (Robert D. McKnelly, of counsel), for appellants.

Mitchem, Hendrix & Aldeen, of Urbana (Charles W. Hendrix, of counsel), and Phillips, Phebus, Tummelson and Barth, of Urbana (Hurshal C. Tummelson, of counsel), for appellees.

SMITH, J.

Plaintiffs, husband and wife, filed a four-count complaint against defendants, landlord and tenant, seeking damages to plaintiffs as a result of injuries sustained while in the performance of plaintiff-husband's duties as a fireman. Motions were directed to all four counts, an amended complaint was filed, and motions directed to it were allowed. Plaintiffs elected to stand on their amended complaint and a judgment in bar was entered as to each count. The appeal is from such judgment order.

The fate of this complaint and, ergo, this suit hinges upon two propositions: The first is whether facts are alleged creating any duty on the defendants or either of them. The second is whether the injuries sustained were proximately caused by any act or omission of the defendants or either of them. Count I of the complaint is a claim by the injured fireman against the landlord. Count II is a claim by the fireman's wife against the landlord for loss of consortium. Count III is the fireman's claim against the tenant. Count IV is the wife's claim against the tenant for loss of consortium.

The acts of negligence charged are substantially as follows: (A) Caused or knowingly permitted large quantities of inflammable straw to be placed against the foundation of the dwelling "in such manner as to create a fire hazard"; (B) a like charge as to having large quantities of highly inflammable and volatile gases; (C) a like charge as to having large quantities of combustible plastic materials; (D) a like charge as to having certain acids; (E) a like charge as to having ether; (F) a like charge as to having gunpowder, and (G) otherwise negligently and carelessly maintained said premises so as to cause or permit the same to catch fire. Paragraph four then alleged that as a direct and proximate result of said negligent acts or omissions, a fire "occurred on said premises and in said dwelling." Paragraph five alleged that "as a direct and proximate result of one or more of the aforesaid negligent acts or omissions on the part of the defendants, he [plaintiff fireman] was overcome and severely and permanently injured by the inhalation of noxious and dangerous fumes, gases and smoke produced by said fire."

The complaint has as its cornerstone Dini v. Naiditch, 20 Ill2d 406, 170 NE2d 881, where our Supreme Court first established the status of a fireman as that of an invitee and imposed the duty upon the owner or possessor of a building to not negligently injure him.

393

In Dini, the primary duty was incubated in nine violations of an ordinance regulating the maintenance of buildings, but leaves the clear implication that there could be circumstances where a duty at common law exists. In the instant complaint there is no charge of either ordinance or statutory violations and thus the duty to an invitee must have its origin in a common-law duty. Does this complaint charge facts from which a common-law duty arises? We think not.

Paragraph four alleges that the negligent acts or omissions of the defendants were the direct and proximate cause of the fire on the premises. As alleged they were the direct and proximate cause of the event which brought the fireman to the premises. We think we may judicially observe that the negligent acts or omissions of an owner or occupier frequently causes fires which bring the fireman to the premises. The duty is then imposed upon such owner or occupant to not negligently injure the fireman after he gets there. In Dini, the plaintiff was injured not because of the fire itself or any of the causes of the fire, but because a defective stairway collapsed. The fireman was where he had a lawful right to be and it was an inadequately constructed stairway which caused the injury. In Meiers v. Fred Koch Brewery, 229 NY 10, 127 NE 491, the fire chief proceeded to the property. While walking in a driveway in the dark, he fell into a coal hole and was injured. Liability was predicated upon the defendant's failure to provide adequate lighting and a safe passageway. In Shypulski v. Waldorf Paper Products Co., 232 Minn 394, 45 NW2d 549, a defective wall fell upon and injured the fireman. Defendant, having knowledge of the defect and the opportunity to warn the fireman, was held liable for failure to warn of a hidden peril. These cases, as well as Dini, illustrate the type of circumstances or conditions where the common law

394

has erected a duty to an invitee fireman. In each instance the negligent act or omission causing the fire was not the act or omission causing the injury to the fireman. We do not think that Dini holds or intended to hold that negligently creating a fire hazard or causing a fire ipso facto creates a liability upon an owner or occupant to an invitee fireman for injuries received in the performance of his duties. We know of no court that has. As we read Dini the condition of the premises (in multiple violations of a municipal code "intended to prevent a disastrous fire or loss of life in case of fire") made a fire reasonably foreseeable and the condition of the stairway made injury or loss of life to one engaged in fighting the fire reasonably foreseeable. We know of no rule of law or common practice which prohibits the possession of the materials described in this complaint in or about a habitation. The mere having of such materials on the premises standing alone even though knowingly done creates no foundation for a charge of negligence. The manner or method of keeping, containing, or using such materials might pose a hazard to an invitee to the premises. This complaint fails to charge how or in what manner they were kept, maintained, contained or used. It does not allege how they were in any manner hazardous to an invitee. It does allege that "under the circumstances then existing it constituted negligence" but does not state those circumstances. It further alleged that they were placed or remained in the dwelling "in such manner as to create a fire hazard", an allegation which the trial court in his memorandum properly characterized as a conclusion of the pleader. Why or how they created a fire hazard is not stated.

■ ■ Even more elusive in the complaint is why or how they proximately caused the plaintiff to be "overcome and severely and permanently injured by the

inhalation of noxious and dangerous fumes, gases and smoke produced by said fire." There is no charge that the fumes, gases or smoke produced by the fire were unusual in any manner or different in type, quantity, quality or amount than those of any ordinary fire. In the absence of such a charge, the hazards which the fireman faced were only those hazards incidental to the employment that was his. In the absence of such a charge the duty of the defendants is no different than that of any owner or occupant in any residential fire. To hold otherwise is to open the sluice gates to a liability where none has heretofore existed. To hold otherwise is to add a second layer to the cake and say that negligently causing a fire is the proximate cause of injury to the fireman without alleging why or how or in what manner this is so. Epitomizing, the duty of an owner or occupant of premises to an invitee fireman is a duty to warn of known latent defects in the premises which with a reasonable degree of foreseeability might cause injury to him, or to avoid defects in the premises which with a reasonable degree of foreseeability might cause injury either to him or any other invitee, or to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of the express or implied invitation. 38 Am Jur, Negligence, ¶ 96, p 754. In our judgment this complaint fails to allege any facts or circumstances encompassing any of these situations. Such being the case, no duty arises and no cause of action exists for there is no duty upon whose breach a cause of action can subsist.

The action of the trial court in dismissing the several counts and the judgment entered in bar is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.