**Kenneth Horcher, Plaintiff-Appellant, v. Mary E. Guerin, et al., Defendants-Appellees.**

**Gen. No. 67–143.**

Second District.

April 26, 1968.

Frank M. Daly and William G. Rosing, of Waukegan, for appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

Kenneth Horcher, plaintiff, brought this action for injuries which he sustained while fighting a fire on premises owned by the defendants. The jury returned a verdict for the plaintiff; the trial court subsequently rendered a judgment for the defendants notwithstanding the jury verdict, and, in the alternative, ordered a new trial.

The plaintiff contends that the defendants were guilty of negligence in leaving their premises in a state of disrepair and in not demolishing the building; and that under the authority of Dini v. Naiditch (20 Ill2d 406, 170 NE2d 881 (1960)), they are, therefore, liable to the plaintiff.

The building owned by the defendants contained two stories. The first floor was occupied by a tire store; the second floor housed two apartments. In August of 1962, the defendants were notified by the City of Waukegan that the building was in a dangerous and unsafe condition, in violation of certain city ordinances, and that it either should be repaired or demolished. After such notice, the tenants moved out and the building was not thereafter leased to anyone. The owners advised the City that they were attempting to sell the building, and no repairs were made.

In April of 1963, the City sent another letter to the defendants and again repeated the ordinance violations, and directed the repair or demolition of the building. The electricity, gas and water services were disconnected, and the lower floor windows and doors boarded up.

The building caught fire on December 25, 1963, and the plaintiff, along with other city firemen, was called. He testified that while he was on the second floor of the building, he attempted to open the windows on the south side; that the windows were stuck; and that he was unable to open them.

The fire chief testified that he directed the fire fighting from inside the building; that it was not advisable to ventilate the building while the firemen were inside; and that he had not instructed the plaintiff to ventilate the building by opening the windows. He further stated that any ventilation would have accelerated the fire.

The fire chief also testified that when he directed his men to abandon the second floor of the building, he had decided to let the building burn and to control it from the outside. It then became advisable to ventilate the building. The plaintiff and another fireman commenced to break the second-story windows by ramming a ladder through them from the outside. While the ladder was being withdrawn from one of the windows, a particle of glass was pulled outwardly and struck the plaintiff in the eye. As a result of this injury, the plaintiff lost the eye in question. There was evidence as to whether or not the ladder was the proper tool for use in breaking the windows, and whether the procedure followed by the plaintiff was an accepted one.

While the Supreme Court in Dini v. Naiditch, supra, did not define the status of a fireman while on the property of another fighting a fire, at page 416 it refused to treat the fireman as a "licensee." Rather, at pages 416 and 417, it expressed approval of the theory of the

court in Meiers v. Fred Koch Brewery, 229 NY 10, 127 NE 491 (1920), and stated: ". . . an action should lie against a landowner for failure to exercise reasonable care in the maintenance of his property resulting in the injury or death of a fireman rightfully on the premises, fighting the fire at a place where he might reasonably be expected to be."

Whether the status be defined or whether a fireman entering the premises of another in the discharge of his duty be described as sui generis (see: Krauth v. Geller, 31 NJ 270, 157 A2d 129, 130 (1960)), the duty owed to the fireman as set forth in Dini, is the same as that owed to an invitee. Driscoll v. Rasmussen Corp., 35 Ill2d 74, 77, 219 NE2d 483 (1966) ; Netherton v. Arends, 81 Ill App 2d 391, 396, 225 NE2d 143 (1967).

In Meiers, the New York court imposed liability upon a landowner for failure to provide adequate lighting or a safe passageway for a fireman who, while responding to a fire call at night, fell into an unguarded coal hole on the landowner's private drive. The New York rule with reference to the duty owed to a fireman while on a landowner's premises in answer to a fire call, required the landowner to keep the means of access thereto in a reasonably safe condition, and to warn firemen coming thereon of unusual hazards on the premises. 86 ALR2d 1205, 1216.

■ This is not unlike the duty owed to an invitee under Illinois law, where the landowner in exercising reasonable care for the safety of an invitee must remove hidden dangers from the premises or give adequate warning thereof. Beccue v. Rockford Park Dist., 94 Ill App2d 179, 236 NE2d 105 (1968) ; Altepeter v. Virgil State Bank, 345 Ill App 585, 598, 104 NE2d 334 (1952).

■ We do not read Dini, however, to stand for the proposition that the landowner may be held liable to a fireman for negligence in causing the fire which brought

247

the fireman to the premises. It is held, almost without exception, that a landowner or occupier is not liable in such case. Jackson v. Velveray Corp., 82 NJ Super 469, 198 A2d 115, 118 (1964); Krauth v. Geller, supra, 130, 131; 35 Am Jur2d, Fires, § 45. As to the fire itself, it is the fireman's business to deal with this particular hazard. He is trained and paid for this. Undoubtedly, most fires can be attributed to negligence of some nature. Therefore, public policy dictates that a landowner does not owe a duty to firemen, upon which liability may be predicated, to exercise care that a fire does not occur on his premises. The exposure to liability which would result from such rule would impose an unreasonable burden upon a person who owned or occupied improved land.

■ The duties of a fireman expose him to risk of harm from fire: this is a reasonable risk of his occupation. The landowner owes a fireman, as well as an invitee, a duty not to expose him to an unreasonable risk of harm— that is, a duty to remove hidden, unusual or not to be expected dangers from the premises, or to give adequate warning thereof. Beccue v. Rockford Park Dist., supra; Netherton v. Arends, supra, 396; Mick v. The Kroger Co., 73 Ill App2d 155, 159, 218 NE2d 654, 1960 (1966).

The plaintiff's complaint charged the defendants with the violation of three ordinances—relating to fire prevention, rooming houses and the building code. It further stated that the specific violations were the direct and proximate cause of the fire. As we have indicated, negligence, whether arising under the common law or by reason of the violation of a statute or ordinance, which causes a fire, does not give rise to a cause of action. By an amendment to the complaint, the plaintiff further charged that the violations of the ordinances were the proximate cause of the injury.

The various violations charged were permitting: (1) the foundation walls to be in a state of disrepair; (2) the presence of rats and vermin; (3) broken and inoperative windows; (4) broken and cracked walls; (5) sagging floors; (6) an inadequate and defective electrical system; (7) improper space heaters; and (8) a general dangerous, unsafe, dilapidated and unsanitary state of repair.

██ A number of the purported violations could only relate to possible causes of the fire and would not support a cause of action. Others, such as the presence of rats and vermin, have no relevancy to the issues before us. The only ordinances having a possible connection with any alleged breach of duty owed by the defendants to the plaintiff, as a fireman, were the Rooming House Ordinance, or Building Code, with reference to the inoperative windows. The violation of an ordinance designed for the protection of human life or property is prima facie evidence of negligence, and one injured thereby may have a cause of action if he comes within the purview of the particular ordinance, and the injury has a direct and proximate connection with the violation. Dini v. Naiditch, supra, 417, 418; Schwartz v. City of Chicago, 63 Ill App2d 416, 422, 211 NE2d 477 (1965). Even if we concede that the plaintiff, as a fireman, was within the purview of the ordinances relating to inoperative windows—particularly, the provision of the fire prevention code prohibiting obstruction to windows—we cannot conceive how this directly and proximately contributed to his injury.

The fire chief testified that he was in charge of fighting the fire; that he gave no orders to ventilate while the firemen were in the building; and that the order to ventilate was given after the firemen vacated the building and after his decision that the building could not be saved.

It was then that the windows were broken. The plaintiff chose to use a ladder for this purpose. There were then no firemen on the second floor and no attempt was then made, or could have been made, to open the second story windows from the inside.

The testimony clearly indicated that both the top and bottom window panes were broken. Even if the windows had been opened, it is obvious that the glass in them would have to be broken to accomplish full ventilation. Thus, it is evident that if there were negligence in permitting the windows to be stuck or inoperative, the requisite causal connection between such negligence and the injury—for liability to be imposed—is absent. See dissenting opinion of Mr. Justice Klingbiel in Dini v. Naiditch, supra, 436.

As we view the evidence, tested by the standards set forth in Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 510, 299 NE2d 504 (1967), we believe the trial court was correct in granting the judgment notwithstanding the verdict.

Accordingly, the judgment notwithstanding the verdict is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.