(No. 46814.—

JENNIE ROSEMARY FANCIL, Adm'r, Appellee, v.
Q.S.E. FOODS, INC., Appellant.

*Opinion filed May 19, 1975.*

Edward Benecki, of Gosnell, Benecki & Borden, Ltd., of Lawrenceville, for appellant.

Harlan Heller, of Mattoon, for appellee.

Frank G. Carrington and Wayne W. Schmidt, of Evanston (Richard F. McPartin, of Chicago, of counsel), for *amicus curiae* Americans For Effective Law Enforcement, Inc., the Illinois Association of Chiefs of Police, Inc., and the Illinois Police Association, Inc.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an action to recover damages for the death of plaintiff's husband. On motion of the defendant the amended complaint was dismissed by the circuit court of Crawford County for failure to state a cause of action. The appellate court reversed and remanded the cause to the circuit court. (19 Ill. App. 3d 414.) We granted leave to appeal.

The defendant was the owner and operator of a grocery store in Oblong, Illinois. The plaintiff's decedent was a member of the Oblong city police force. On the night of June 1, 1970, the plaintiff's decedent went to the defendant's premises for the purpose of performing a routine security check. He was attacked by burglars and fatally shot. The amended complaint alleges that prior to June 1, 1970, the defendant's premises had been the

subject of attempted and actual burglaries of which the defendant knew; the decedent and other police officers of the village inspected the premises of the defendant each night as a part of their regular duties, which the defendant knew; subsequent to the prior criminal activity at the defendant's store, the defendant had erected a mercury light which provided illumination to the south of the defendant's building and to a wire enclosure attached to the south side of the building; valuable merchandise was stored within the wire enclosure, and with knowledge of the danger to decedent and other officers the defendant had disconnected the mercury light that had been used for exterior illumination. The amended complaint alleges that the defendant had thus negligently and carelessly failed to provide adequate light in the area of the enclosure, had disconnected the light, had failed to light the area at night, and had failed to make provision for inspection of the south side of defendant's buildings by police officers from the safety of their patrol car. The plaintiff alleges that, as a direct and proximate result of these negligent omissions and acts, burglars concealed themselves on the premises and ambushed the decedent while he was in the process of conducting a security check at the rear of the defendant's premises. Since we are here determining the propriety of the dismissal of the amended complaint, we must accept all properly pleaded facts as true and are concerned only with the question of law presented by the pleadings. *Follett's Illinois Book and Supply Store, Inc. v. Isaacs* (1963), 27 Ill.2d 600, 603.

This action is brought on a theory of common law negligence. The complaint alleges the violation of no duty established by statute or ordinance. Necessary to recovery is the existence of a duty or an obligation requiring one to conform to a certain standard of conduct for the protection of another against an unreasonable risk. (*Barnes v. Washington* (1973), 56 Ill.2d 22, 26.) It is fundamental that there can be no recovery in tort for negligence unless

the defendant has breached a duty owed to the plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill.2d 95, 97.) The question of duty, the legal obligation imposed upon one for the benefit of another, is a question of law to be determined by the court (*Barnes v. Washington* (1973), 56 Ill.2d 22, 26; Prosser, Handbook of the Law of Torts sec. 37, at 206 (4th ed. 1971)) because liability for common law negligence is not absolute but rather it is based on fault. The plaintiff here asserts that a duty should be placed on an owner to take steps to protect invitees from foreseeable criminal acts committed by third parties.

In the present case the appellate court, holding that the amended complaint stated a cause of action, relied on the rationale of *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366; *Johnston v. Harris* (1972), 387 Mich. 569, 198 N.W.2d 409; and sections 302(B), 448 and 449 of Restatement (Second) of Torts (1965).

Section 302(B) provides:

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

Section 448 provides:

"The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime."

Section 449 provides:

"If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal

does not prevent the actor from being liable for harm caused thereby."

Comment *a* under section 302(B) refers to comment *a* of section 302, which states: "If the actor is under no duty to the other to act, his failure to do so may be negligent conduct within the rule stated in this Section, but it does not subject him to liability, because of the absence of duty." (Restatement (Second) of Torts p. 82.) The same is true under sections 448 and 449. Thus, before it is appropriate to consider these sections of the Restatement, we must determine whether the relation between the defendant and the decedent was such as to give rise to a duty owed by the defendant for the protection of the decedent.

The traditional classification of those who come upon the land of another as trespassers, licensees and invitees has not provided a satisfactory means of determining the duty a possessor of land owes to public employees who come upon the land in the performance of their duties. (Prosser, Handbook of the Law of Torts 395-96 (4th ed. 1971).) In Illinois, under such circumstances, policemen and firemen have in the past been considered to be mere licensees. However, in *Ryan v. Chicago and Northwestern Ry. Co.* (1942), 315 Ill. App. 65, the court held that the railway company was obligated to use reasonable care for the protection of a policeman who was rightfully on the defendant's right of way. In *Dini v. Naiditch* (1960), 20 Ill.2d 406, this court referred to the appellate court's decision in *Ryan* and held that the owner of a building was under a duty to use reasonable care in the maintenance of his property for the protection of a fireman upon the premises fighting a fire. Subsequent to *Dini,* the law of this State has imposed upon the possessor of land, as to a policeman or a fireman who is on the premises in the performance of his official duties at a place where he might reasonably be expected to be, the same duty which the possessor of land owes to an invitee.

This interpretation corresponds with the position stated in Restatement (Second) of Torts, section 345(2). Comment *e* to this section states that the possessor's liability to a policeman or fireman falls under the rule stated in section 343, which provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

Under section 343 the duty of a possessor of land to use reasonable care to protect an invitee against a known dangerous condition on the premises is based upon two factors. Section 343(a) requires that the dangerous condition constitute an unreasonable risk of harm to the invitee and section 343(b) requires that the possessor of land should expect that the invitee will not discover or realize the danger or will fail to protect himself against it. If there are factual issues involved in making the determinations under (a) and (b), they may be resolved by the jury under appropriate instruction by the court.

However, in our case the allegations of the amended complaint in addition to those which establish the knowledge of the defendant of the alleged dangerous conditions specifically allege: that the decedent and other police officers of the village visited and inspected the defendant's premises each night; that these visits and inspections were for the purpose of determining if there were any unauthorized persons upon the premises and that on these inspections the decedent and other officers were armed with firearms in order to protect themselves and the defendant's property in the event of the presence of

burglars. In addition to these allegations, the fact that the property was not illuminated was obvious to all.

The risk to which the decedent was subjected because of the conditions which existed upon the defendant's premises was the same risk which every police officer encounters while conducting security checks in both residential and commercial areas. The danger of being ambushed by criminals lurking in poorly illuminated areas, in shadows or behind objects is a risk inherent in the occupation. Hence, the danger to which the decedent was subjected was not an unreasonable risk for a police officer. Also the allegations that the decedent and the other officers were armed to protect themselves from burglars whom they might discover while checking the premises for the presence of unauthorized persons establishes that the officers realized the danger inherent in their occupation and protected themselves against it.

By virtue of these allegations, there are no questions of fact under 343(a) or (b) and as a matter of law no allegations which would establish the duty to use reasonable care for the protection of the decedent under 343(c). This is consistent with the appellate court's application of this court's decision in *Dini.* See *Netherton v. Arends* (1967), 81 Ill. App. 2d 391; *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244.

Thus, it is unnecessary to consider whether the allegations of the failure to provide adequate lighting for the enclosure, the disconnection of the light which illuminated the area or the failure to make provisions for the inspection of the south side of the building from the safety of the patrol car constituted a failure to exercise reasonable care for the safety of the decedent.

Returning to the appellate court's consideration of sections 302(B), 448 and 449 of the Restatement (Second) of Torts, we acknowledge that risk of intentional or criminal conduct under appropriate circumstances may be a risk against which an actor has the duty to protect

another. Section 302(B) comment *e* and section 315 state that this duty generally arises where the actor is under a special responsibility toward the one who suffers harm or where a special relation exists. Thus, in *Neering v. Illinois Central R.R. Co.,* on which the appellate court relied, the possessor of land was held to owe a duty to the injured person to exercise reasonable care for her protection against the risk of harm from the intentional and criminal acts of third persons because of the special relation of carrier and passenger which existed between the defendant and the injured party. In *Johnston v. Harris,* decided by the Michigan Supreme Court in 1972, also quoted from in the appellate court opinion, the special relation of landlord and tenant existed between the defendant and the injured party. In a more recent Michigan case the Supreme Court of that State, in a 4 to 3 decision, permitted an employee of a tenant to recover from the landlord for injuries suffered in an attack upon her by a patient who was visiting a State mental health clinic, another tenant of the defendant in the same building. (*Samson v. Saginaw Professional Building, Inc.* (1975), 393 Mich. 393, 224 N.W.2d 843.) In *Kline v. 1500 Massachusetts Avenue Apartment Corp.* (D.C. Cir. 1970), 439 F.2d 477, cited by the plaintiff in her brief, the United States Circuit Court of Appeals for the District of Columbia held that although as a general rule a private person does not have a duty to protect another against a criminal attack, a landlord owes a duty to take reasonable steps to protect a tenant from foreseeable criminal acts committed by intruders on the premises. (See also Annot., 43 A.L.R.3d 331 (1972).) We refer to these cases from other jurisdictions only for the purpose of distinguishing them from the present case and not for the purpose of adopting the reasoning or the holdings of these cases.

Section 314(A) of Restatement (Second) of Torts sets forth special relations which give rise to a duty to aid or protect another against an unreasonable risk of physical

harm. Although a caveat in the section states that no opinion is expressed as to whether there may not be other relations which impose a similar duty, the following special relations are listed which do give rise to a duty to aid or protect: (1) A common carrier and a passenger, (2) an innkeeper and a guest, (3) a possessor of land who holds it open to the public and the members of the public who enter in response to his invitation, and (4) one who is required by law to take or who voluntarily takes custody of another under circumstances such as deprive the other of his normal opportunities for protection. See also Prosser, Handbook of the Law of Torts 174-75 (4th ed. 1971).

Under this court's decision in *Dini,* and under sections 345 and 343 of the Restatement (Second) of Torts, a possessor of land owes to a police officer who comes upon the premises in the performance of his duty the same duty to exercise reasonable care for his protection as is owed to an invitee. However, as we stated earlier, the allegations of the amended complaint do not establish the existence of a duty to exercise reasonable care for the decedent's safety under section 343. It is therefore unnecessary for us to decide in this case whether by virtue of this court's decision in *Dini* and the provisions of sections 345 and 343 a special relation exists between the possessor of land and a police officer or a fireman which places upon the possessor the duty which must necessarily be found before responsibility may be imposed under sections 302(B), 448 and 449 of the Restatement (Second) of Torts.

Accordingly, we hold that the circuit court of Crawford County properly dismissed the amended complaint and entered judgment for the defendant and that the judgment of the appellate court reversing the circuit court and remanding the cause for further proceedings must be reversed.

*Appellate court reversed; circuit court affirmed.*