John Marquart, Plaintiff-Appellee, *v.* Toledo, Peoria & Western Railroad Company, Defendant-Appellant.

(No. 74-145; 

Third District—July 18, 1975.

Cassidy, Cassidy & Mueller, of Peoria (David B. Mueller, of counsel), for appellant.

Robert D. McKnelly, of Watseka, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff John Marquart, chief of the Kankakee Fire Department, brought this action to recover damages for personal injuries sustained in Crescent City, Illinois, while fighting fires which began when railroad cars containing liquified propane gas exploded and burned following the derailment of a train operated by defendant Toledo, Peoria & Western Railroad. The Circuit Court of Iroquois County denied defendant's motion for summary judgment, and defendant was granted leave to appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat., ch. 110A, § 308).

The issue on review is "whether a plaintiff who was injured by burns in the course of his employment fighting a fire and explosions as an official fireman has a legal right to recover damages for negligence or wilful and wanton misconduct on the part of the owner or occupier of the fired premises." [1] If not, then defendant is entitled to a judgment as matter of law, in accordance with the provisions of summary judgment contained in Section 57 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, § 57).

The record shows that on June 21, 1970, 16 railroad cars derailed as a train operated by defendant passed through Crescent City. Thirteen of the cars were tank cars containing LP gas, some of which immediately began to burn and explode.

As a result many buildings were damaged and numerous fires broke out in the city. As is customary in the case of a major public disaster, fire departments from surrounding communities responded to a call for help from Crescent City authorities, and plaintiff, as Kankakee fire chief, arrived and began directing and assisting firemen from Kankakee in fighting fires in the business district and evacuating endangered homes. Plaintiff was severely injured when a tank car exploded while he was on the street about 100 feet from the railroad right-of-way. At the time of the injury, plaintiff was seeking to arrange for the removal of the unexploded cars from the densely populated area.

Plaintiff's complaint contained an amended count III alleging defendant's negligence and an amended count IV alleging wilful and wanton misconduct.[2] The particular acts alleged included failure to adequately

---

[1] This is the involved question of law as determined by the trial court in its order denying defendant's motion for summary judgment. The court also found that the question is one "as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation."

[2] Amended count II asserted a claim based on *res ipsa loquitur;* however, that issue is not discussed in the briefs and is thus waived on appeal. Ill. Rev. Stat., ch. 110A, § 341(e)(7).

inspect the cars, permitting a "hot box" and fire to develop, failure to take prompt action to extinguish the fire, stopping the tank cars in a densely populated district, and permitting the burning train to remain in the city.

■■ A similar suit arising out of the same disastrous events was filed by a volunteer fireman from Bradley. In *Erickson v. Toledo, Peoria & Western R.R.*, 21 Ill.App.3d 546, 315 N.E.2d 912 (1st Dist. 1974), the reviewing court, affirming dismissal of the complaint for failure to state a cause of action, stated that Illinois courts have adopted the majority rule "that an injured fireman may not recover from one whose sole connection to the injury is that his negligence caused the fire * * *." (21 Ill.App 3d 546, 549, 315 N.E.2d 912, 914.) The court then held:

> "The allegations found in plaintiff's complaint relate to acts or omissions of defendants that allegedly either caused the derailment and subsequent fire or merely contributed to the fire's severity. We therefore find that the court below properly ruled that plaintiff did not plead a cause of action * * *." 21 Ill.App.3d 546, 549, 315 N.E.2d 912, 914.

Plaintiff seeks to distinguish the case at bar from *Erickson* because of the circumstances preceding the injury. In *Erickson* the plaintiff was injured by explosion of the tank car which he had been attempting to cool by directing a stream of water on it, and the court said, "The direct cause of his injury was the explosion of a tank car containing propane gas, an eventuality that plaintiff was attempting to prevent at the moment of his injury." (21 Ill.App.3d 546, 549, 315 N.E.2d 912, 914.) However, we see no difference between the situation in *Erickson* and the one here where plaintiff was attempting to organize the removal of the burning cars to lessen the danger of damage and injuries from future explosions at the moment he was injured by a new explosion.

We thus conclude that the decision in *Erickson* is correct as applied to amended count III in the case before us, and that the trial court erred in denying defendant's motion for summary judgment as to the allegations of negligence. Also see *Horcher v. Guerin*, 94 Ill.App.2d 244, 236 N.E.2d 576 (2d Dist. 1968); *Fancil v. Q.S.E. Foods, Inc.*, 60 Ill. 552, 328 N.E.2d 538 (1975).

■■ However, amended count IV alleges wilful and wanton misconduct consisting of various acts and omissions of defendant that resulted in the fire and explosions, including defendant's failure to remove the burning cars from the densely populated areas. The facts alleged in this count are the same as those in amended count III with an additional assertion that defendant "knew, or in the exercise of ordinary care should have known that such action would likely and probably cause injury and dam-

age to the plaintiff and others." Illinois courts have recognized that a fireman may recover where the injuries were caused by the wilful and wanton misconduct of the owner or occupant of premises where the fire occurred. (*Bandosz v. Daigger & Co.*, 255 Ill.App. 494 (1st Dist. 1930); *Annot.*, 86 A.L.R.2d 1205, § 10(b) (1962).) The recent decisions in cases where a fireman sought to recover for injuries received while fighting a fire have all been actions based on negligence, and do not purport to change the rule which permits recovery based on wilful and wanton misconduct. In *Erickson*, for example, plaintiff withdrew his "wilful and wanton" count so it was not before the court. See *Dini v. Naiditch*, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184 (1960); *Horcher v. Guerin*, 94 Ill.App.2d 244 (2d Dist. 1968); *Netherton v. Arends*, 81 Ill.App.2d 391, 225 N.E.2d 143 (4th Dist. 1967).

■■ In order to state a cause of action based on wilful or wanton misconduct, the complaint must allege either an intentional injury, or "the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569, 583, 69 N.E.2d 293 (1946).

Assuming that plaintiff is entitled to recover damages caused by defendant's wilful and wanton misconduct, we then must determine whether there is a genuine issue as to any material fact alleged in amended count IV. The test to be applied has been stated as follows:

> "It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered." *Fooden v. Board of Governors*, 48 Ill.2d 580, 587, 272 N.E.2d 497, 500, *cert. denied*, 408 U.S. 943 (1971).

After reviewing the pleadings, affidavits and depositions filed in this cause, and considering all of the evidence most favorably to plaintiff, we conclude that the trial court would have been required to direct a verdict for defendant and accordingly that summary judgment should be entered for defendant on the wilful and wanton allegations contained in amended count IV.

■■ Plaintiff's depositions show that one of defendant's employees, a brakeman on the derailed train, attempted to unpin the cars remaining on the track so that the unexploded cars could be pulled away from the scene but was unable to do so because he was injured by an interven-

ing explosion. Although plaintiff alleges that defendant failed to inspect the cars adequately, the testimony contained in the affidavits and depositions shows that inspections were made and that the train crew continually checked for "hot boxes." There was no testimony indicating that defendant's employees could have extinguished the fire more promptly, or could have stopped the derailed train in any other location, or could have removed the burning train from the town more promptly than was done. Thus the evidence is insufficient to support the allegations of wilful and wanton misconduct.

In view of our decision, it is not necessary to consider defendant's contention that the defense of assumption of the risk should be extended to actions brought by firemen injured while on duty.

Accordingly, we reverse the order of the trial court denying defendant's motion for summary judgment and remand with directions that judgment be entered for defendants.

Reversed and remanded with directions.

STOUDER, P. J., and BARRY, J., concur.