JOHN LUETJE, Plaintiff-Appellant, *v.* OTTO CORSINI *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—2270

Opinion filed July 20, 1984.

Goldstine and Broida, Ltd., of Summit (Ronald J. Broida and Kenneth J. Nemec, Jr., of counsel), for appellant.

Stern, Rotheiser & Dupree and Lord, Bissell & Brook, both of Chicago (James M. Dupree, Hugh C. Griffin, and William D. Frazier, of counsel), for appellees.

JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order granting defendants' motion to dismiss plaintiff's amended complaint seeking damages for personal injuries. In the complaint, plaintiff—a volunteer firefighter for the village of Summit—alleged that he was injured while fighting a fire in

defendants' building when the chimney collapsed and fell on him, and that the fire, the chimney collapse, and consequently his injuries proximately resulted from numerous acts of wilful and wanton misconduct by defendants which essentially relate to their failure (a) to maintain the premises, including the chimney, in safe condition and (b) to comply with applicable fire prevention and building codes and ordinances, despite repeated demands by State and village officials that they do so. Defendants' motion to dismiss the complaint for failure to state a cause of action was granted, and this appeal followed.

OPINION

In support of his contention that the trial court erred in its ruling, plaintiff relies primarily on *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881. In *Dini*, one firefighter was killed and another was seriously injured when, as they were ascending a defectively constructed staircase to reach and extinguish a fire on the upper floors of a building, the entire staircase suddenly collapsed and fell on them. In holding that the judgment *n.o.v.* for defendants was improperly entered, the *Dini* court, after stating that "the common law rule labeling firemen as licensees was an illogical anachronism," held that "an action should lie against a landowner for failure to exercise reasonable care in the maintenance of his property resulting in the injury or death of a fireman rightfully on the premises, fighting the fire at a place where he might reasonably be expected to be." (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 416-17, 170 N.E.2d 881, 885-86.) Thus, as plaintiff correctly states, the court in *Dini* specifically rejected the common law classification of firefighters as licensees to whom the landowner owed no greater duty than to refrain from wilful or intentional injury and imposed upon landowners or occupiers a duty equivalent to that owed to invitees, *i.e.*, to exercise reasonable care to keep their premises in safe condition.

We note, however, that *Dini* did not involve allegations of wilful and wanton misconduct, nor have the subsequent cases which have examined the scope of the *Dini* decision. These cases, while holding that landowners are required to exercise reasonable care to prevent injury to firefighters from causes unrelated to the fire, have also held that no such duty is owed to a firefighter where the act or omission complained of was a cause of the fire.

In *Netherton v. Arends* (1967), 81 Ill. App. 2d 391, 225 N.E.2d 143, plaintiff sought damages for injuries suffered from inhaling smoke and noxious gases while fighting a fire allegedly caused by defendant's negligence in storing hazardous, combustible materials on

his property. In affirming the judgment for defendant, the *Netherton* court discussed *Dini* and the cases cited therein and noted that in each instance where liability had been imposed the act or omission causing the fire was not the act or omission causing the injury. The court then stated, "We do not think that *Dini* holds or intended to hold that negligently creating a fire hazard or causing a fire *ipso facto* creates a liability upon an owner *** to an invitee fireman for injuries received in the performance of his duties" (Emphasis added.) (*Netherton v. Arends* (1967), 81 Ill. App. 2d 391, 395, 225 N.E.2d 143, 145), reasoning that since negligence is frequently the cause of the fire necessitating the firefighter's presence on the premises, the duty imposed upon the landowner by *Dini* is to refrain from negligently injuring him after he is on the property. The court further noted that absent a charge that the smoke or gases produced were in some way different than those which might be created by any other fire, the hazards which plaintiff faced were merely incidental to his occupation, and concluded that the duty of a landowner to a firefighter is to avoid creating, or to warn him of, known latent defects in the premises which with a reasonable degree of foreseeability might cause him injury.

A similar situation was presented in *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576, where a firefighter brought an action against the owner of a vacant building who had failed to comply with city directives that the building—which was in dangerous and unsafe condition in violation of various city ordinances—either be repaired or demolished. While fighting a fire thereat, a particle of glass from an inoperative window which had to be broken to ventilate the building struck plaintiff, causing him to lose his sight in one eye. In affirming the judgment *n.o.v.* for defendant, the *Horcher* court rejected plaintiff's contention that, under *Dini*, a landowner may be held liable to a firefighter for negligence in causing the fire, and noted, as did the *Netherton* court, that because most fires can be attributed to some form of negligence, the hazards resulting therefrom are reasonable risks assumed by those in the occupation of fighting fires and are beyond the scope of the duty owed by a landowner to remove hidden or unusual dangers on the premises or to give adequate warning thereof. As to the alleged ordinance violations, including cracked walls, improper space heaters, a defective electrical system, and the general state of disrepair, the court observed that most of these violations related only to possible negligent causation of the fire for which there is no cause of action, and that even if plaintiff came within the purview of the ordinance prohibiting obstruction of

windows, he had failed to establish a causal connection between the negligence in permitting the windows to be stuck and his injury, which resulted from breaking the window to accomplish full ventilation of the building.

Thereafter, in *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 315 N.E.2d 912, this court affirmed the order of the trial court dismissing plaintiff's complaint for failure to state a cause of action in a case involving injuries sustained by a firefighter when one of the defendant's derailed tank cars containing propane gas exploded, ruling that the allegations therein related to acts which either created the fire or contributed to its severity. Noting that liability in the *Dini* case was predicated upon a combination of factors, the foremost of which was the collapse of an inherently defective stairway—a condition unrelated to the fire—we followed the reasoning in *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576, and *Netherton v. Arends* (1967), 81 Ill. App. 2d 391, 225 N.E.2d 143, and held that liability can be imposed only where the firefighter is exposed to undue risks beyond those inevitably associated with fighting a fire.

Whatever uncertainty may have existed as to whether these cases correctly interpreted *Dini* was dispelled by *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282, where our supreme court was again presented with the issue of a landowner's liability to a firefighter injured in the performance of his duties, and took the occasion to discuss the appellate decisions cited above and to clarify the scope of the duty imposed upon landowners by *Dini*.

In *Washington*, two firefighters were seriously burned while attempting to extinguish a fire in and around a car parked in defendant's filling station. The fire began when the driver of the car threw a match into a pool of gasoline that the station's attendant had allowed to overflow from a malfunctioning gasoline pump. Plaintiffs charged defendants with having caused their injuries by using a defective pump, permitting the car's tank to overflow and allowing the driver of the car to smoke on the premises. In rejecting plaintiffs' contentions that, under *Dini*, defendants were liable for the injuries resulting from these acts and that the appellate decisions which we have discussed above constituted "unwarranted deviations" from *Dini*, the supreme court noted that the principles applied in those cases were consistent with and had been inferentially approved by its holding in *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538, where recovery for the death of a policeman who was fatally shot in an ambush while making a routine security check of defendant's unlighted premises was denied on the ground that the risk to which the

decedent had been subjected was "inherent in the occupation" and thus not unreasonable. Applying that reasoning to the case before it, the *Washington* court agreed with *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576, and *Netherton v. Arends* (1967), 81 Ill. App. 2d 391, 225 N.E.2d 143, that since most fires occur because of negligence, to hold a landowner liable to a firefighter would impose an unreasonably heavy burden on him. The court then set out what is commonly referred to as the "fireman's rule" (see *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 379 N.E.2d 281; Annot., 11 A.L.R. 4th 597 (1982)), stating that "while a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire he is not liable for negligence in causing the fire itself." *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 108, 361 N.E.2d 282, 285.

In the instant case, plaintiff's amended complaint is not based upon negligence. It essentially alleges that certain wilful and wanton misconduct on the part of defendants in the maintenance of their building caused the fire in question and that, as a result of the fire, a chimney collapsed, causing injury to plaintiff. In the oral arguments before us, plaintiff acknowledged that the collapse of the chimney occurred because of the fire.

Although plaintiff concedes that *Washington* and its appellate antecedents preclude recovery for damages in cases involving negligent causation of a fire, he nevertheless asserts that these cases are distinguishable from the one before us in that liability here is predicated upon wilful and wanton misconduct in causing the fire. Citing *Marquart v. Toledo, Peoria & Western R.R. Co.* (1975), 30 Ill. App. 3d 431, 333 N.E.2d 558, for the general proposition that a firefighter may recover for the wilful and wanton misconduct of a landowner, plaintiff argues that the line of precedential authority culminating in the *Washington* decision is inapplicable to this case. We disagree.

Initially, we note that in *Marquart*, which was decided prior to *Washington*, the plaintiff-firefighter filed a complaint alleging both negligence and wilful and wanton misconduct. The court first determined that the allegations in the negligence count related only to acts causing the fire or contributing to its severity, and it therefore held that they were insufficient to sustain a cause of action. The *Marquart* court then observed that except for the additional assertion that defendant knew or should have known that its acts would likely cause injury, the allegations in the wilful and wanton count were identical to those in the negligence count. Accordingly, the court held that defendant's motions for summary judgment on both counts should have been

granted, and remanded the case to the trial court with directions to enter such judgments. While the *Marquart* court did say that "Illinois courts have recognized that a fireman may recover where the injuries were caused by the wilful and wanton misconduct of the owner or occupant of premises where the fire occurred" (*Marquart v. Toledo, Peoria & Western R.R. Co.* (1975), 30 Ill. App. 3d 431, 434, 333 N.E.2d 558, 560), it did not draw the distinction, as did the more recent cases cited above—including *Washington*—as to whether the condition causing injury was related or unrelated to the fire. Such a distinction was drawn, however, in *Young v. Toledo, Peoria & Western R.R. Co.* (1977), 46 Ill. App. 3d 167, 360 N.E.2d 978, where the court, relying on the reasoning in *Washington*, affirmed a dismissal by the trial court of a count in the complaint of plaintiff—a firefighter—seeking recovery on allegations of wilful and wanton misconduct relating only to the manner in which the fire was caused.

Furthermore, the fact that plaintiff's complaint also alleged violations of building and safety codes does not remove the facts here from the purview of the "fireman's rule." As the court stated in *Washington*:

> "These acts relate only to the manner in which the fire was caused. We have rejected as overly broad a reading on *Dini v. Naiditch* which would permit liability to be predicated upon negligence in causing a fire as a matter of common law. We see no reason for a different result where the conduct that causes the fire is also a violation of a statute or an ordinance. As we stated previously, the function of a fireman is to deal with fires, and he assumes the risks normally associated with that function \*\*\*." *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 109, 361 N.E.2d 282, 285. See also *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576.

We think it significant that in discussing the issue of liability predicated on statutory violations rather than on common law tort principles, the supreme court, in *Washington*, did not distinguish between negligent and wilful and wanton violations, referring simply to "conduct that caused the fire." Thus, contrary to plaintiff's reading of *Washington*, we do not believe that the nature of a defendant's conduct is determinative of the issue of landowner liability to an injured firefighter.

Moreover, we do not believe, as plaintiff suggests, that our holding here is inconsistent with that in *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 379 N.E.2d 281, wherein the supreme court affirmed the judgment of the appellate court reinstating that portion of plaintiff's

complaint seeking recovery from the manufacturer and seller of an automobile on the theory of strict liability, on the ground that the plaintiff was a person to whom injury from the vehicle's defective gasoline tank—which exploded as he was extinguishing a fire in the car—was reasonably foreseeable. In so holding, the *Grzelinski* court did not abandon the "fireman's rule," but merely rejected the opportunity to extend it "beyond its limited context of landowner/occupier liability." *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 151, 379 N.E.2d 281, 285.

For the reasons stated, the order of the trial court dismissing plaintiff's complaint for failure to state a cause of action is affirmed.

Affirmed.

LORENZ and O'CONNOR, JJ., concur.