EILEEN COGLIANESE, as Special Adm'r for the Estate of Edmond Coglianese, Deceased, Plaintiff-Appellant, v. THE MARK TWAIN LIMITED PARTNERSHIP, Beneficiary Under Trust No. 23904, Defendant-Appellee.

First District (3rd Division)   No. 87—2227

Opinion filed May 18, 1988.

Lydon & Griffin, of Chicago (Matthias A. Lydon, of counsel), for appellant.

Brinton & Bollinger, of Chicago (David R. Barry, Jr., and Timothy I. McArdle, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Eileen Coglianese, as Special Administrator for the estate of Edmond Coglianese, appeals from the trial court's dismissal of her amended complaint seeking damages for wrongful death against defendant Mark Twain Limited Partnership. On appeal, plaintiff contends that defendant created a latent and hazardous condition on its premises which was responsible for the death of her husband while he was fighting a fire on defendant's premises.

On January 26, 1986, decedent, a fireman for the City of Chicago, died while fighting a fire at the Mark Twain Hotel in Chicago. The hotel was managed, operated and controlled by defendant. As a result of the fire, plaintiff filed a six-count complaint. Counts I and II constitute strict products liability against Scott Aviation alleging that decedent died as a result of a defective "Air Pak," a self-contained breathing apparatus. Counts I and II were not dismissed and are not a part of this appeal.

The remaining counts constitute a wrongful death and survival action against defendant. Plaintiff's complaint alleged that defendant's hotel was not in compliance with the applicable building and fire prevention codes of the City of Chicago. At the time of the fire, the walls within the hotel were not fire resistant and were combustible. During the fire, the interior walls of the hotel burned rapidly and produced great volumes of black smoke, soot, and other noxious gases. Despite wearing an apparatus intended to provide firemen with a breathable air supply while working in an environment hazardous to their health, decedent was overcome with smoke and noxious gases and suffocated to death. Plaintiff's complaint further alleged that defendant's failure to construct and maintain its walls in accordance with the city code constituted negligent or willful and wanton misconduct.

Based on application of the "fireman's rule," the trial court granted defendant's motion to dismiss counts III through VI of the

second amended complaint. Plaintiff appeals.

In *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881, our supreme court clarified the duty owed by a landowner to a fireman. In *Dini*, one fireman was killed and another seriously injured when an inadequately constructed staircase fell while they were fighting a fire. The court, in finding that judgment *n.o.v.* for defendants was improperly entered, held that a landowner was liable "for failure to exercise reasonable care in the maintenance of his property resulting in the injury or death of a fireman rightfully on the premises, fighting the fire at a place where he might reasonably be expected to be." 20 Ill. 2d at 416-17.

Since *Dini v. Naiditch*, several cases have further interpreted the scope of a landowner's duty and liability. In *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576, the court rejected plaintiff's contention that under *Dini*, a landowner may be held liable to a fire fighter for negligence in causing the fire. The court noted that harm from fire is a reasonable risk of a fireman's occupation. Thus, a landowner owes a fireman a duty not to expose him to an unreasonable risk of harm—that is, a duty to remove hidden, unusual, or not-to-be expected dangers from the premises, or to give adequate warning thereof. Accord *Netherton v. Arends* (1967), 81 Ill. App. 2d 391, 225 N.E.2d 143.

■ Subsequently, in *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282, the court agreed with the holdings of *Horcher* and *Netherton* and declared what is commonly known as the "fireman's rule": "[W]hile a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire, he is not liable for negligence in causing the fire itself." 66 Ill. 2d at 108.

The reasoning behind this limitation of duty owed by a landowner to a fireman developed with the case law. Since most fires occur because of the negligence of the landowner or occupier, the courts found that the imposition of a duty to prevent fires from occurring or spreading on the owner's premises would impose a heavy and unreasonable burden on the owner. (*Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282; *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576.) Furthermore, the *Washington* court noted that the function of a fireman is to deal with fires, and he assumes the risks normally associated with that function when he enters upon that employment. Thus, several courts have stated that liability will be imposed on a defendant landowner only when a fire fighter is exposed to undue risks beyond those inevitably associated

with fighting a fire. (See *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 379 N.E.2d 281; *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 315 N.E.2d 912.) In addition to a recognition of the inherent risks in the occupation, certain cases have noted the policy consideration of limiting the duty of landowners or occupiers. See *Court v. Grzelinski,* 72 Ill. 2d 141, 379 N.E.2d 281.

In the present case, plaintiff argues that the fireman's rule does not apply because decedent's death was caused by a latent hazard created by defendant which posed an undue risk beyond what is inevitably associated with fire fighting. Plaintiff argues that defendant created an unreasonably dangerous and defective condition on the premises by constructing and maintaining interior walls of materials which were not fire resistant, were highly combustible, and were in violation of applicable building and fire prevention codes.

■ Plaintiff first argues on appeal that the dismissal should be reversed because, since the *Washington* decision, the Illinois legislature has abolished the common law distinction between invitees and licensees. We do not agree. While the duty owed a fireman has paralleled that owed to an invitee, the case law defining the duty never decisively referred to a fireman as a common law invitee or licensee. A fireman has assumed his own status and for this reason the specific duty owed to him has developed. Thus, this legislative change has not affected the viability of the "fireman's rule."

■ Plaintiff next contends that the violation of the Municipal Code regulating fire safety rules is evidence of defendant's negligence or willful and wanton misconduct. Several courts have discussed the effect of a violation of a statute or ordinance in regard to imposing liability on a landowner for injury to a fireman. In *Washington,* the plaintiff's complaint alleged that the defendants violated certain Illinois laws and code regulations relating to fire prevention and that these alleged violations generated a tort liability. The court held that a criminal statute or penal ordinance requiring that measures be taken for prevention of fires may bear upon the question whether a landowner's conduct amounts to less than reasonable care where a duty to exercise such care is owed to the plaintiff. But such a statute does not in itself enlarge the class of persons to whom that duty is owed beyond that which exists at common law.

In *Horcher v. Guerin,* the plaintiff charged the defendants with the violation of three ordinances relating to fire prevention, rooming houses and the building code. The court found that the majority of the purported violations could only relate to possible causes of the fire and therefore could not support a cause of action. The court

went on, however, to state that even if a fireman was within the purview of the protection intended by the fire prevention code, it is difficult to conceive how a violation could directly and proximately contribute to his injury. For this reason, the court denied recovery against the defendant landowner. An identical analysis applies to the alleged code violations in the present case. Even if defendant was negligent in not complying with the fire code, the violations did not directly or proximately cause the death of decedent. See *Horcher v. Guerin* (1968), 94 Ill. App. 2d 244, 236 N.E.2d 576.

Count IV of the complaint alleges that defendant's failure to comply with the code provisions was willful and wanton. In *Luetje v. Corsini* (1984), 126 Ill. App. 3d 74, 466 N.E.2d 1304, the plaintiff argued that the "fireman's rule" was inapplicable because the liability sought to be imposed was predicated upon willful and wanton misconduct of a landowner. The court disagreed. The *Luetje* court found it significant that in discussing the issue of liability predicated on statutory violations rather than on common law tort principles, the court in *Washington* did not distinguish between negligent and willful and wanton violations. Thus, the *Luetje* court held, and we agree, that the nature of a defendant's conduct is not determinative of the issue of landowner liability to an injured fire fighter.

Plaintiff relies on the language of the court in *Netherton v. Arends*. In *Netherton,* an injured fireman and his wife filed a suit against a landlord and his tenant alleging that negligent storage of inflammable materials caused the fireman to be overcome and injured by the inhalation of noxious and dangerous fumes, gases and smoke produced by the fire. The court there stated the general rule that no negligent act or omission which causes a fire creates a liability upon a landowner. The court in *Netherton* denied recovery because there was no evidence that the inflammable materials proximately caused the plaintiff to be overcome with fumes and injured. In so stating, the court noted that there was no charge that the fumes, gases or smoke produced by the fire were unusual in any manner or different in type, quantity, quality or amount than those of any ordinary fire. Plaintiff here maintains that this situation, distinguished by the *Netherton* court, is identical to the present case and thus liability should be imposed on defendant. We disagree.

The *Netherton* decision refused to hold the defendants liable because it was not clear how the inflammable materials created a fire hazard or how they proximately caused the fireman to be overcome and injured by fumes and gases. Applying the same reasoning, there is no basis for imposing liability in the present case. Plaintiff's com-

plaint fails to show how the condition of defendant's walls, or even the resulting amounts of smoke and gases, proximately caused the decedent to be overcome and injured by the inhalation of such noxious fumes, gases and smoke. The situation described by the *Netherton* court regarding more severe gases and fumes assumes that the difference in the degree of smoke would be the direct and proximate cause of a plaintiff's injury. In our estimation, this is an illogical assumption to make in either the *Netherton* case or in the present case. The court in *Netherton* was clear that without a demonstration of proximate cause, the mere presence of inflammable materials was insufficient to impose liability on the defendants. In the present case, the significant link of proximate cause is also missing. Without some showing that the conduct of defendant proximately caused the death of decedent, we are unwilling to impose liability.

■ Plaintiff also relies on the language of the *Netherton* decision which classifies the duty of a landowner as a duty to warn of known latent defects in the premises which with a reasonable degree of foreseeability might injure a fireman. Plaintiff maintains that the condition of the walls in the present case was a known latent defect of which defendant had a duty to warn. In our judgment, the complaint fails to allege facts sufficient to create this duty and without the necessary causation for the death, no liability may be imposed.

Plaintiff attempts to distinguish *Washington v. Atlantic Richfield* on the basis of the reasonable anticipation of the fire fighters in approaching such a dangerous situation. In *Washington,* the plaintiff fire fighter was injured when he attempted to remove the cap of a gas tank to relieve the pressure in the tank. The pressure of the tank however, blew the cap off, spreading flaming gasoline and injuring the plaintiff. Plaintiff here asserts that this was an obvious danger knowingly assumed by the fireman. Plaintiff argues that, in contrast, decedent in the present case was entitled to assume compliance with safety ordinances.

A very similar situation confronted the court of another jurisdiction in *Buren v. Midwest Industries, Inc.* (Ky. 1964), 380 S.W.2d 96. In *Buren,* several firemen lost their lives and there was evidence that the owners of the building failed to comply with applicable fire safety ordinances. Additional evidence indicated that the fire spread with deceptive speed and suddenly enveloped the premises. The *Buren* court discussed several cases cited in *Dini v. Naiditch* which reflect the principle that a fireman is entitled to assume compliance with respect to unguarded elevator shafts, open stair wells, exposed wires, and similar hazards to a reasonably safe access to and use of

the premises in the manner in which they are ordinarily expected to be used. While the *Buren* court agreed with these holdings, it distinguished the situation involving a law violation which has no direct effect except to permit the more rapid spread of a fire than would otherwise have been the case. The court there noted that if a fireman entering a burning building does not know what safety ordinances are in effect, he could not know what to expect with respect to construction. The court further noted that a fireman is trained to expect the unexpected and it would be unrealistic for the law to pretend otherwise.

■ Finally, plaintiff contends that defendant's conduct was an independent cause of decedent's death. This argument is necessarily related to the discussion of proximate cause. The fire in defendant's hotel was the proximate cause of decedent's death. Without the fire, decedent would not have been on the premises. We therefore cannot agree that the construction and maintenance of the premises were the cause of the fire or the death. The great amounts of smoke and noxious gases were not an independent cause of the fire, but only contributed to the severity of the fire. In such a situation, we do not believe the presence of great amounts of smoke and gases is an undue risk beyond that inevitably associated with fighting a fire. Nor do we believe decedent came upon a danger greater than that a fireman would reasonably anticipate in the performance of his duties.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing counts III through VI of plaintiff's complaint is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.