Argued October 7, 1969, affirmed April 8, 1970

SPENCER, *Appellant, v.* B. P. JOHN FURNI-
TURE CORPORATION, *Respondent.*

467 P. 2d 429

*Gerald R. Pullen,* Portland, argued the cause and submitted a brief for appellant.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief were Hershiser & Mitchell, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is an action for damages for wrongful death brought by the administratrix of an estate for the benefit of the widow and minor children of the decedent. Plaintiff appealed from a judgment in favor of defendant entered after a demurrer was sustained to her amended complaint and her second and third amended complaints were stricken as not alleging any new matter.

Plaintiff claims the court erred in sustaining defendant's demurrer to plaintiff's amended complaint and in striking plaintiff's third amended complaint. Decedent was a paid fireman for the city of Portland. He was killed while fighting a fire in defendant's furniture factory. Both complaints substantially state by various allegations that defendant negligently caused the fire and that it negligently allowed an accumulation of dust, which, upon contact with the fire, resulted in an explosion, killing decedent.

---

* Goodwin, J., resigned December 19, 1969.

■ Much time has been wasted in many cases in attempting to fit firemen into a status which relates to the consent or lack of consent of an owner or possessor of the land to a fireman's presence. Clearly a fireman's presence on the premises has nothing to do with a possessor's or owner's consent, because a fireman enters as a matter of right pursuant to his public employment. Therefore, such classifications as trespasser, licensee, or invitee are irrelevant to owners' or possessors' duty to firemen. *Buren v. Midwest Industries, Inc.*, 380 SW2d 96, 98 (Ky App 1964); *Krauth v. Geller*, 31 NJ 270, 157 A2d 129, 130 (1960); 2 Harper and James, *The Law of Torts* 1501-05, § 27.14 (1956); Prosser, *Torts* 405-06, § 61 (3d ed 1964).

■ Plaintiff has alleged facts sufficient to charge defendant with negligently starting the fire. The authorities are almost unanimous to the effect that an owner or occupier is not liable to a paid fireman for negligence with respect to creating a fire. *See* 19 Vand L Rev 407, 418 (1966). The theory of this rule, as explained by Weintraub, C. J., in *Krauth v. Geller, supra,* is as follows:

> "* * * The rationale of the prevailing rule is sometimes stated in terms of 'assumption of risk,' used doubtless in the so-called 'primary' sense of the term and meaning that the defendant did not breach a duty owed, rather than that the fireman was guilty of contributory fault in responding to his public duty. See Meistrich v. Casino Arena Attractions, Inc., 31 N.J. 44, 155 A.2d 90 (1959). Stated affirmatively, what is meant is that it is the fireman's business to deal with that very hazard and hence, perhaps by analogy to the contractor engaged as an expert to remedy dangerous situations, he cannot complain of negligence in the creation of the very occasion for his engagement. In terms of duty, it may be said there is none owed

the fireman to exercise care so as not to require the special services for which he is trained and paid. Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences. Hence, for that risk, the fireman should receive appropriate compensation from the public he serves, both in pay which reflects the hazard and in workmen's compensation benefits for the consequences of the inherent risks of the calling [citing cases]." 157 A2d at 130-31.

The most notable authority cited as holding contrary to the above rule of non-liability is *Dini v. Naiditch,* 20 Ill 2d 406, 170 NE2d 881, 86 ALR2d 1184 (1960). The exact basis of the decision is not clear, but it has been widely cited as holding that an owner or possessor of property is liable to firemen for injuries suffered while fighting a negligently caused fire. However, the Illinois Court of Appeals has not construed it so broadly. *Horcher v. Guerin,* 94 Ill App 2d 244, 236 NE2d 576 (1968) contains the following language:

"We do not read *Dini,* however, to stand for the proposition that the landowner may be held liable to a fireman for negligence in causing the fire which brought the fireman to the premises. It is held, almost without exception, that a landowner or occupier is not liable in such case [citing cases]. As to the fire itself, it is the fireman's business to deal with this particular hazard. He is trained and paid for this. Undoubtedly, most fires can be attributed to negligence of some nature. Therefore, public policy dictates that a landowner does not owe a duty to firemen, upon which liability may be

predicated, to exercise care that a fire does not occur on his premises. The exposure to liability which would result from such rule would impose an unreasonable burden upon a person who owned or occupied improved land." 236 NE2d at 578-79.

The following cases have refused to follow *Dini: Buren v. Midwest Industries, Inc.*, 380 SW2d 96, 98 (Ky App 1964); *Aravanis v. Eisenberg*, 237 Md 242, 206 A2d 148 (1965); *Jackson v. Velveray Corp.*, 82 NJ Super 469, 198 A2d 115 (1964); *Rogers v. Cato Oil & Grease Co.*, 396 P2d 1000 (Okla 1964). We agree for the reasons set forth in the quotation from *Krauth* that there should be no liability on the part of a possessor or owner of the premises to paid firemen for injuries from negligently caused fires.

The courts are not so unanimous in denying the liability of an owner or possessor of the premises where the risks have been greatly enhanced by the owner or possessor and are not those normally or usually incurred in fighting fire. Responsibility has been attached for "creating undue risks of injury beyond those inevitably involved in fire fighting." *Krauth v. Geller, supra.* "Undue risks" can cover a multitude of sins.

Whatever choice a fireman makes about those dangers to which he will submit himself, such choice is necessarily made at the time he becomes a fireman. When he appears upon the scene of a fire and realizes that the owner or possessor has created or permitted a situation which has enhanced the normal risks to be expected in fighting a fire of the kind involved, he does not have the privilege of refusing to fight the fire. He has to fight it anyway. When he becomes a fireman, he does not undertake to fight only ordinarily

dangerous fires which have not been started nor been made more dangerous by someone's lack of care. He undertakes to fight all fires. As a result, for the purpose of deciding if any duty is owed to him by a property owner or possessor, it is impossible to distinguish situations solely on the basis of their being more than normally dangerous or their being made that way by someone's lack of care.

■ However, a fireman does not assume all risks encountered in fighting fires. He should have a right to expect that the owner or possessor of a premises will not imprudently permit an unusual, serious *hidden* danger of a totally unexpected kind and, therefore, we hold that he does not assume such risks. *Buren v. Midwest Industries, Inc.,* 380 SW2d 96, 99 (Ky App 1964); *Aravanis v. Eisenberg,* 237 Md 242, 206 A2d 148 (1965); *Bartels v. Continental Oil Co.,* 384 SW2d 667, 670 (Mo 1964); *Maloney v. Hearst Hotels Corporation,* 274 NY 106, 8 NE2d 296, 297 (1937). A measure of protection resulting from training and experience can be taken against apparent, known, or to-be-anticipated risks. However, a fireman is completely vulnerable to such a hidden danger as described above, and we see nothing in the lack-of-duty concept of assumption of risk or in public policy which precludes him from having a cause of action in such circumstances.

■ Cluttered conditions of the premises and buildings constructed other than in accordance with fire ordinances which enhance the danger from fire are so usual as to be anticipated. *Buren v. Midwest Industries, Inc., supra.* Gasoline and oil in service stations and explosives in a munitions plant are also to be expected, because these substances, which are dangerous to fire fighters, are commonly identified with such

places. Even some lack of care in the manner in which these substances are handled is to be expected. On the other hand, the unlawful storage of a 50-gallon drum of gasoline in the basement of a residence would be an example of a highly dangerous, hidden, and totally unexpected situation. If a fireman neither discovered nor learned of it, he would not assume the risk of injury from a resultant explosion.

■ Plaintiff has alleged defendant's conduct was wanton. We see no basis for a claim of wanton misconduct in the charges of negligence. *See Krauth v. Geller, supra.*

■ The complaints in question allege an injury resulting from an explosion. They do not allege that the explosion was the result of an unusual, serious, hidden danger which could not have been anticipated and, consequently, the complaints are deficient. It is the general rule that when a plaintifff elects to stand on his pleading and appeals from the sustaining of a demurrer, the affirmance of the judgment below will end the case. *Plummer v. Donald M. Drake Co.*, 212 Or 430, 441, 320 P2d 245 (1958). On the other hand, this court in the past has seen fit to adopt a special procedure tailored to avoid possible injustice to a plaintiff who has elected to appeal from the sustaining of a demurrer but who, in fairness, should be given another chance to apply to the trial court for permission to amend. This court may, instead of only affirming the entry of the judgment in the trial court, remand the case to that court and allow the trial judge, in his discretion, to permit the plaintiff to plead further. *Coblentz v. State Ind. Acc. Com.*, 203 Or 258, 265-67, 279 P2d 503 (1955).

■ We believe that the present case is an example

of a situation where the rule of *Coblentz* should apply in order to avoid possible injustice. First, the law applicable to a property owner's or possessor's duty to a paid fireman had not been delineated previously in this state, and it was in a state of flux elsewhere. It was difficult for plaintiff to be sure what facts were relevant. Second, plaintiff, in her second amended complaint, did make allegations which indicate that she believes facts exist which meet the standard we have now established. A motion to strike was sustained to this complaint and it dropped from the case when plaintiff filed her third amended complaint. She alleged in her second amended complaint that the defendant failed to heed warnings of fire inspectors of. "fire conditions which could not have been foreseen or reasonably anticipated by a fireman acting in the course of his duty as a firefighter." If such conditions did exist, as the result of defendant's negligence, plaintiff should be permitted to request the trial court for another opportunity to allege them. Because she chose to file a third amended complaint, she could not appeal the propriety of the trial court's ruling striking her second amended complaint.

The judgment of the trial court is affirmed and the case is remanded for the purpose of permitting plaintiff to apply to the trial court for permission to file another amended complaint if the facts, as she believes them to be, justify such a course.