CARL ERICKSON, Plaintiff-Appellant, *v.* TOLEDO, PEORIA & WESTERN RAILROAD *et al.,* Defendants-Appellees.

(No. 59675; )

First District (5th Division)—July 12, 1974.

John Bernard Cashion and Paul F. Davidson, both of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Richard E. Mueller, Cornelius B. Callahan, and John J. Berwanger, of counsel), for appellee Toledo, Peoria & Western Railroad.

Barry N. Gutterman, of Chicago, for appellee Burlington Northern, Inc.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an action by plaintiff, a volunteer fireman, to recover damages for personal injuries he suffered while fighting a fire that occurred after the derailment of a train operated by defendant Toledo, Peoria & Western Railroad. The alleged cause of the derailment was a malfunction in the friction bearing of a railroad car owned by defendant Burlington Northern, Inc. The court below granted defendants' motion to dismiss the complaint for failure to state a cause of action, and plaintiff appeals.* He contends that a fireman who has been injured while fighting a fire

---

\* In Count One of his amended complaint, plaintiff alleged that defendant Toledo, Peoria & Western Railroad:
"was guilty of one or more of the following acts or omissions:
a. caused or permitted one or more of the railroad tank cars it was hauling to catch fire and explode;
b. failed to adequately inspect one or more of the railroad tank cars it was hauling, so that an explosion occurred therein;
c. failed to exercise reasonable care to inspect the friction bearing of a railroad car the defendant was hauling which bearing was in a defective condition, when such condition was discoverable by an ordinarily careful inspection.
d. failed to exercise reasonable care in assembling its train of cars by coupling together in series 12 tank cars containing liquified propane gas, with the result that upon derailment said cars collapsed one upon another, greatly increasing the severity of the occurrence by allowing flames from the one tank car which had initially ruptured to play upon and heat up other tank cars thereupon increasing the likelihood that other tank cars would become involved in the initial fire and explode;
e. operated its freight train, including 12 tank cars containing liquified propane gas coupled together in series, at an excessive speed through an urban area, thereby greatly increasing the severity of any fire and/or explosion resulting from a derailment."
Count Three of the amended complaint alleged that defendant Burlington Northern, Inc.:
"a. failed to exercise reasonable care to inspect the friction bearing of the railroad car owned by it, which bearing was in a defective condition but not open or obvious as to such condition, where such condition was discoverable by an ordinarily careful inspection."
The court gave plaintiff leave to withdraw Count Two of the complaint alleging willful and wanton conduct on the part of defendant Toledo, Peoria & Western Railroad.

has a cause of action against a defendant whose negligence caused the blaze.

Plaintiff's complaint alleged that he was a member of the volunteer fire department of the Village of Bradley. On June 21, 1970, pursuant to his duties as a member of the fire department, he was summoned to a fire at the site of the derailment. Included in the derailed train's complement of cars were 12 tankers containing liquified propane gas. The heat from the fire caused the pressure inside these cars to build up, giving rise to the danger of explosion. Plaintiff's assignment was to assist in setting up a device to direct a stream of water onto one of the cars. It was standard procedure in fighting fires of this nature to attempt to cool down the cars so that they would not explode. After setting up the hoses, plaintiff retreated to a distance of one city block from the fire. Despite these efforts, one of the tank cars exploded, injuring plaintiff.

OPINION

It is plaintiff's basic contention that the negligent creation of a fire hazard imposes liability upon defendants for the injuries he received in the performance of his duties.

■■ Traditionally a landowner has been absolved from liability for injuries suffered by a fireman while the fireman was acting within the scope of his duties. (See, e.g., Gibson v. Leonard, 143 Ill. 182, 32 N.E. 182; Lunt v. Post Printing & Publishing Co. (1910), 48 Colo. 316, 110 P. 203; Woodruff v. Bowen (1893), 136 Ind. 431, 34 N.E. 1113; 3 Cooley on Torts (4th ed. 1932) 198.) Most jurisdictions, however, have abandoned this rather harsh rule. Rather, while recognizing "that it is the fireman's business to deal with * * * dangerous situations, [and therefore] he cannot complain of negligence in the creation of the very occasion for his engagement," they have held that liability will lie where negligent conduct creates "undue risks of injury beyond those inevitably involved in fire fighting." (Krauth v. Geller (1960), 31 N.J. 270, 273-274, 157 A.2d 129, 131. See also Giorgi v. Pacific Gas & Electric Co. (1968), 266 Cal.App.2d 355, 72 Cal.Rptr. 119; Scott v. E.L. Yeager Construction Co. (1970), 12 Cal.App.3d 1190, 91 Cal.Rptr. 232; Buren v. Midwest Industries, Inc. (Ky. 1964), 380 S.W.2d 96; Aravanis v. Eisenberg (1964), 237 Md. 242, 206 A.2d 148; Meiers v. Fred Koch Brewery (1920), 229 N.Y. 10, 127 N.E. 491; Spencer v. B. P. John Furniture Corp. (1970), 255 Ore. 359, 467 P.2d 429.) Thus, for example, in Meiers a fireman was allowed to recover for injuries suffered when he stepped into a coal pit while fighting a fire on the defendant's land. The specific act of negligence giving rise to the fireman's cause of action was the failure of the defendant to adequately illuminate the hole.

In *Dini v. Naiditch*, 20 Ill.2d 406, 170 N.E.2d 881, the Illinois Supreme Court specifically adopted the principle enunciated in *Meiers* and, under the facts and circumstances before it, found the defendants liable. In *Dini* a fireman, while fighting a fire, was injured when an inadequately constructed wooden stairway collapsed. In addition, it was noted that the defendants "failed to provide fire doors or fire extinguishers, permitted the accumulation of trash and litter in the corridors, and had benzene stored in close proximity" to the stairway. (*Dini* at 417.) The court's holding that the defendants were liable for the injuries suffered by those fighting the fire seems to be predicated upon a combination of factors, i.e. the defendant's negligent upkeep of the premises in flagrant violation of certain safety ordinances which might have caused the blaze and the collapse of the *inherently defective* stairway. Thus it is clear that the court did not hold, as plaintiff has asserted, that the sole basis of liability was the negligent creation of a fire hazard.

The adoption by Illinois courts of the majority rule that an injured fireman may not recover from one whose sole connection to the injury is that his negligence caused the fire is more fully illustrated by two appellate court decisions subsequent to *Dini*. (*Netherton v. Arends*, 81 Ill.App.2d 391, 225 N.E.2d 143; *Horcher v. Guerin*, 94 Ill.App.2d 244, 236 N.E.2d 576.) In *Horcher* an injured fireman raised a contention similar to that of plaintiff. The court, in denying recovery, expressly rejected "the proposition that the landowner may be held liable to a fireman for negligence in causing the fire which brought the fireman to the premises." (*Horcher* at 247-248.) Similarly, in *Netherton* it was held that the negligent creation of a fire risk does not ipso facto impose "liability upon an owner or occupant to a * * * fireman for injuries received in the performance of his duties." *Netherton* at 395.

■■ In the case at bar the record reveals that plaintiff, a volunteer fireman, was injured while fighting a fire. The direct cause of his injury was the explosion of a tank car containing propane gas, an eventuality that plaintiff was attempting to prevent at the moment of his injury. The allegations found in plaintiff's complaint relate to acts or omissions of defendants that allegedly either caused the derailment and subsequent fire or merely contributed to the fire's severity. We therefore find that the court below properly ruled that plaintiff did not plead a cause of action and, consequently, its dismissal of Counts One and Three of his amended complaint is affirmed.

Affirmed.

SULLIVAN, P. J., and BARRETT, J., concur.