GEORGE WILLIAMS *et al.*, Plaintiffs-Appellees, *v.* OLIVER WIEWEL, Defendant-Appellant.

Fourth District No. 12429

Opinion filed January 14, 1976.—Rehearing denied April 6, 1976.

Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island (Robert L. Ellison, of counsel), for appellant.

O'Connell & Cashman, of Quincy (R. P. O'Connell, of counsel), for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant, Wiewel, appeals from a judgment in the sum of $12,500 entered upon a jury verdict in plaintiff's action for injuries received from a shotgun blast. The same jury returned a verdict in favor of defendant Genenbacher.

Defendant who owned and operated a tavern in the rural area has suffered four burglaries in a short period of time and he had adopted the practice of returning to the tavern after closing and concealing himself nearby. In the early morning and while concealed he observed two burglars enter the tavern. Being unarmed on this occasion, defendant went to the Genenbacher home, roused Mrs. Genenbacher and asked for assistance. The latter called her husband and upon defendant's inquiry procured a shotgun for which he had shells, and a rifle for which there was no ammunition. Defendant requested Mrs. Genenbacher to call the sheriff for help and she did so. It appears that neither the fact of defendant's request to call the sheriff, nor the fact that the call was made by his wife was known to Genenbacher.

At defendant's direction Genenbacher took a position behind a tree at the rear of the tavern with the loaded shotgun while defendant, with the rifle, proceeded to a door at the front. Genenbacher observed a figure leave the rear of the tavern and fired a shot into the air. At about this time plaintiff, with another deputy, drove up to the front of the tavern. They had turned off the siren and the police flasher lights prior to the

time they approached the tavern. Plaintiff and the deputy testified that as they drove into the tavern drive, the car windows were open but neither heard the shot fired by Genenbacher.

The testimony was that the deputies' car paused some eight to ten feet from defendant who said nothing about the presence of the armed Genenbacher at the rear. In fact, he said nothing at all. The testimony of the deputy described defendant's gestures which they interpreted as a signal to go to the rear of the tavern. The defendant testified to gestures which it is contended meant that they stop. The car was then driven along the side of the tavern toward the rear and stopped. Plaintiff walked toward the rear of the building and the second deputy proceeded toward the front. The testimony varies in estimates of time as to how soon plaintiff was wounded by Genenbacher's shot after he proceeded to the rear of the tavern.

Upon appeal defendant urges that as a matter of law he was not negligent; that he had no duty to warn plaintiff of the presence of the armed Genenbacher; that there was no evidence that he gave any directions to plaintiff to go to the rear of the tavern and that plaintiff made an independent decision to do so; that plaintiff was guilty of contributory negligence as a matter of law when he failed to hear the first shot fired by Genenbacher, and that defendant's conduct was not the proximate cause of the injury but that the independent unforseeable act of Genenbacher in shooting plaintiff was such proximate cause.

■■■ The duty of defendant toward a police officer coming upon the premises in the course of his official duties as a matter of law has been comprehensively discussed in *Fancil v. Q.S.E. Foods, Inc.*, 60 Ill. 2d 552, 328 N.E.2d 538. It is now established that defendant's duty was that which is owed to an invitee. *Fancil* follows the Restatement (Second) of Torts (1965) in stating the duty of the owner of land to such an invitee. We paraphrase: The duty of a possessor of land to use reasonable care to protect an invitee against a known dangerous condition on the premises is based upon two factors. The first requires that the dangerous condition constitute an unreasonable risk of harm to the invitee, and the second requires that the possessor of land should expect that the invitee will not discover or realize the danger, or will fail to protect himself against it. If there are factual issues involved in making either determination they may be resolved by a jury under appropriate instruction by the court.

Upon such statement of the rule of law we cannot say that as a matter of law that defendant was not negligent in his conduct. Rather, upon the facts in evidence, it was for the jury to determine whether there was a duty to warn the plaintiff of the hazard present.

It first appears that defendant procured the participation of Genenbacher, advised and requested that he be armed and directed him to a place of concealment at the rear of the tavern. It is reasonable to conclude that defendant had reason to expect that Genenbacher might shoot and such expectation rose to the status of knowledge when the latter did, in fact, fire the weapon very shortly before the arrival of the deputy. Upon such facts in evidence it was for the jury to determine whether defendant was under a duty to warn the plaintiff who came as a police officer pursuant to a call made upon defendant's request.

Defendant argues that there was no evidence that he affirmatively directed the plaintiff to go to the rear of the building. Such action was the only breach of duty tendered to the jury by defendant's given instruction. No other instruction upon the issue of duty was given by plaintiff.

Defendant argues that his conduct was not the proximate cause of the injury to plaintiff, but that such proximate cause was the independent unforeseeable act of Genenbacher in firing the shotgun as the deputy approached the rear of the tavern. This issue is also resolved by the opinion in *Fancil*. The Supreme Court there approved and adopted the language of the Restatement (Second) of Torts §§448 and 449 (1965). The former provides:

> "The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless the actor at the time of his negligent conduct realized or should have realized* the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime." (Emphasis supplied.)

Section 449 provides:

> "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby."

The facts which we have considered meet the requirements of the rule of liability so stated. In the context of defendant's duty, we note that the entire transaction was one of obvious peril and it was a matter of chance that Genenbacher was not fired upon by the deputy, who was also armed with a loaded shotgun.

In *Fancil*, a contrary result was reached upon the issue of liability.

The cases, however, are clearly distinguishable in the controlling facts. In *Fancil*, the officer had regularly gone upon the premises in the night-time in the performance of his duty, and the condition alleged to have been negligently created, *i.e.*, the failure to maintain lighting of the premises as it had been done on prior occasions, was apparent and obvious as the officer approached the premises. That hazard was neither concealed nor unexpected. Here, the hazard was virtually beyond expectation.

The argument that plaintiff was guilty of contributory negligence as a matter of law cannot be accepted upon the facts. Rather, it was for the jury to determine whether plaintiff should, or might have heard the first shot fired by Genenbacher, or if he did, to interpret its meaning. Again, it is for the jury to say whether plaintiff acted reasonably in going to the rear of the tavern in the performance of his duties.

The judgment is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.