ARTHUR J. COURT, Plaintiff-Appellant, *v.* FELIX GRZELINSKI, JR., Defendant.—(NICKEY CHEVROLET SALES, INC., *et al.*, Defendants-Appellees.)

First District (4th Division)    No. 61899

Opinion filed April 21, 1977.—Rehearing denied May 19, 1977.

---

Nat P. Ozmon & Assoc., Ltd., of Chicago (Nat P. Ozmon, Laurence T. Adelman, and Anthony V. Fanone, of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellee Nickey Chevrolet Sales, Inc..

Michael Davis, of Lord, Bissell & Brook, of Chicago (Frazer F. Hilder, Corporation Counsel, Richard E. Mueller, and John J. Berwanger, of counsel), for appellee General Motors Corporation.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Arthur J. Court, brought an action against defendants, Felix Grzelinski, Nickey Chevrolet Sales, Inc., and General Motors Corporation, seeking compensation for injuries sustained by plaintiff while fighting a fire which occurred in a vehicle owned by Felix Grzelinski, sold by Nickey Chevrolet Sales, Inc. (an Illinois corporation), and manufactured by General Motors Corporation (a foreign

corporation). On February 27, 1975, on motions entered, the Circuit Court of Cook County, Illinois, County Department, Law Division, dismissed count II of plaintiff's fourth amended complaint as to the corporate defendants. Plaintiff appeals from the order of dismissal pursuant to Illinois Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304), the trial court having expressly found no just reason for delaying enforcement or appeal of the order.

The issues presented for review are (1) whether or not the trial court correctly applied the holding of *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 315 N.E.2d 912, in its dismissal of the instant cause; and (2) whether or not a plaintiff fire fighter can recover under a theory of strict product liability for injuries sustained while fighting a fire, when the injuries are allegedly caused by an unreasonably dangerous condition existing within the product involved.

On May 26, 1972, the plaintiff, a Fire Fighter, 1st Class, for the city of Chicago, was among firemen who responded to a call of an automobile fire at 3100 South Harding Avenue. Plaintiff was approximately 35 feet from the vehicle, a 1969 Chevrolet Malibu, and was preparing to remove a hose line from the fire truck pumper when the gasoline tank of the automobile exploded. The explosion caused gasoline, which then ignited, to be hurled over a large area and to fall upon the plaintiff. As a result of the explosion and fire, plaintiff suffered severe burns over a large portion of his body, as well as external and internal injuries.

Count II of the complaint alleges that the corporate defendants had designed, manufactured, distributed, or sold the Chevrolet Malibu and gasoline tank to defendant Grzelinski; that the automobile was in an unreasonably dangerous condition for its acknowledged and intended purposes due to a defect in design of the gasoline tank which created a high degree of risk of explosion. Further, this defective condition existed in the automobile from the time of its design and manufacture up to and including the time of the occurrence. Plaintiff was injured as a direct and proximate result of the explosion caused by the defective conditions complained of. Plaintiff alleges that he at all times exercised due care and caution for his own safety.

Nickey Chevrolet Sales, Inc., and General Motors Corporation filed motions to dismiss plaintiff's complaint on the ground that a fireman may not recover in tort for injuries incurred in the course of his employment responsibility to fight a fire from persons causing the fire. The trial court sustained the defense motions and dismissed plaintiff's complaint as to the movants, pursuant to the holding in the case of *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 315 N.E.2d 912.

The plaintiff argues on appeal that the trial court erred in its interpretation and application of Illinois law to the instant case, and prays

that the order of dismissal be vacated and that count II of the fourth amended complaint be reinstated. According to the plaintiff, the rule of *Erickson* does not preclude plaintiff's recovery under a theory of strict product liability; that case was decided on the issue of negligence and, thus, may bar recovery only upon allegations of negligence. The plaintiff asserts that the negligence of the corporate defendants is not at issue. Plaintiff contends that Illinois law places a duty on a manufacturer to design its vehicle so that those foreseeably exposed are not subjected to an unreasonable risk of injury. If it was foreseeable that plaintiff could have been injured by the dangerous condition existing within the automobile, then he may recover. Here, plaintiff argues that he was a bystander who was also a fireman. Whether or not the injury to the plaintiff was foreseeable and caused by a defect in the product are questions of fact to be decided by the trier of fact. Therefore, plaintiff contends the complaint is legally sufficient.

The defendants maintain that count II of the complaint was legally insufficient and the dismissal was proper. According to the defendants, the "Fireman's Rule" precludes liability to a fireman injured while performing his professional duties, unless the defendant's negligent conduct or misconduct has created an unusual risk not ordinarily involved in fire fighting. They contend that the rule applies regardless of the plaintiff's legal theory of recovery. Thus, plaintiff's complaint was insufficient in that it failed to allege that plaintiff was exposed to a risk not ordinarily involved in fire fighting.

▪ ■■ We find that count II of the plaintiff's fourth amended complaint was sufficient to state a legal cause of action and the dismissal was therefore improper.

■■ In *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 315 N.E.2d 912, the Illinois Appellate Court strictly applied the traditional "Fireman's Rule." The court held that the plaintiff volunteer fireman had failed to plead a cause of action where the complaint alleged that negligent acts or omissions by the defendant caused the fire and subsequent explosion which occasioned plaintiff's injuries. The plaintiff in *Erickson* was attempting to cool a fire caused by a train derailment when one of the tank cars containing liquified propane gas exploded. The *Erickson* court noted at page 549:

> "The direct cause of [plaintiff's] injury was the explosion of a tank car containing propane gas, an eventuality that plaintiff was attempting to prevent at the moment of his injury."

The court held that "an injured fireman may not recover from one whose sole connection to the injury is that his negligence caused the fire." (*Erickson*, at 549.) However, the court also found that:

> "Most jurisdictions, however, have abandoned this rather harsh

rule. Rather, while recognizing 'that it is the fireman's business to deal with * * * dangerous situations, [and therefore] he cannot complain of negligence in the creation of the very occasion for his engagement,' they have held that liability will lie where negligent conduct creates 'undue risks of injury beyond those inevitably involved in fire fighting.' " *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 548, 315 N.E.2d 912.

■■ The Illinois Supreme Court applied the same principle and held in *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282, that "while a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire he is not liable for negligence in causing the fire itself." 66 Ill. 2d 103, 108.

■■ The defendants would have this court hold that the rule of the above discussed cases applies here to preclude plaintiff's recovery, since he failed to allege that the defendants' conduct created an undue risk of injury not usually involved in fire fighting. However, plaintiff's complaint sounds in strict liability rather than in negligence. Therefore, negligence is not in issue here (*Suvada v. White Motor Co.* (1964), 51 Ill. App. 2d 318, 201 N.E.2d 313, *aff'd*, 32 Ill. 2d 612, 210 N.E.2d 182), and the plaintiff need not plead according to rules of negligence. The basis for strict product liability is the putting into commerce of a defective and dangerous product, rather than negligence. (*Rios v. Niagara Machine & Tool Works* (1974), 59 Ill. 2d 79, 319 N.E.2d 232.) The doctrine of strict product liability, as established in the case of *Suvada*, requires that plaintiff prove (1) that the injury resulted from a condition of the product, (2) that the condition was an unreasonably dangerous one, and (3) that the condition existed at the time the product left the manufacturer's control. Plaintiff, in count II of his complaint, has alleged the requisite elements to state a cause of action in strict liability.

■■ It has been established that a manufacturer has a duty to design its vehicle so that those foreseeably exposed are not subjected to an unreasonable risk of harm. (*Nanda v. Ford Motor Co.* (7th Cir. 1974), 509 F.2d 213.) The doctrine of strict liability applies to defects in design as well as to defects in manufacture. (*Wright v. Massey-Harris, Inc.* (1966), 68 Ill. App. 2d 70, 215 N.E.2d 465.) The doctrine has been applied in Illinois to allow an innocent bystander to maintain an action against a manufacturer where injury to such a bystander due to a defect in the product is reasonably foreseeable. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1; *White v. Jeffrey Galion, Inc.* (E.D. Ill. 1971), 326 F. Supp. 751.) Thus, the doctrine has been extended to protect those members of the public who could foreseeably be injured by the defective or dangerous product, in addition to users and consumers. Whether or not

the injury was foreseeable is a question of fact to be decided by the trier of fact as is the question of whether a product is defective in design or manufacture, or unreasonably dangerous. *Winnett v. Winnett.*

■■ The trier of fact could have found upon the facts alleged that the Chevrolet Malibu was unreasonably dangerous due to its defective design. The trier of fact could have found that the injury to the plaintiff was foreseeable upon the facts alleged. To hold as a matter of law that plaintiff, because he is a fireman, is precluded from maintaining an action in strict liability where any other citizen could bring such an action would be to contravene the public policy that is the foundation of the law of strict product liability; that is, to protect the public from the sale of defective and unsafe products, which are represented to the public as being safe and suitable for their intended use. (*Suvada v. White Motor Co.* (1964), 51 Ill. App. 2d 318, 201 N.E.2d 313, *aff'd*, 32 Ill. 2d 612, 210 N.E.2d 182.) The Illinois Supreme Court held in *Suvada*, at page 619, that:

> "[P]ublic interest in human life and health, the invitations and solicitations to purchase the product and the justice of imposing the loss on the one creating the risk and reaping the profit are present and * * * compelling in cases involving [all products], where the defective condition makes them unreasonably dangerous to the user, * * *."

■■ The rule of *Erickson v. Toledo, Peoria & Western R.R.* (1974), 21 Ill. App. 3d 546, 315 N.E.2d 912, does not demand that a fireman be treated as a noncitizen for purposes of strict liability. That rule recognizes that it is not the business of a fireman to deal with undue risks of injury created by the negligence of a defendant.

Further, the instant case may be distinguished from *Erickson* on its facts. The *Erickson* court considered that the plaintiff therein was injured while acting against the very eventuality that caused his injuries—that plaintiff was attempting to extinguish a fire in a railroad tank car loaded with propane gas in order to prevent the tank car from exploding. Here, it may have been foreseeable that plaintiff was among those exposed to the risk of injury due to the defective gas tank; however, it is not apparent that the risk of an explosion was foreseeable to the plaintiff. In other words, it is not established that explosions are a usual result of automobile fires and that plaintiff was acting at the time he sustained injury to prevent such an explosion.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DIERINGER, P. J., and LINN, J., concur.