Argued and submitted September 24, affirmed
November 26, 1979, reconsideration denied January 4,
petition for review denied February 12, 1980 (288 Or 527)

CULLIVAN,
*Appellant,*
*v.*
LESTON,
*Respondent.*

(No. A7709-13119, CA 13313)

602 P2d 1121

[361]

Charles C. Erwin, Portland, argued the cause and filed the brief for appellant.

John Folawn, Portland, argued the cause for respondent. With him on the brief was Jensen, De-Francq, Holmes & Schulte, Portland.

Before Buttler, Presiding Judge, Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff is a police officer employed by the City of Portland Bureau of Police. He commenced this action for personal injuries against the defendant Leston as the proprietor of the No Dogs Allowed Tavern, and appeals from a summary judgment entered in favor of the defendant.

On the night of his injuries, plaintiff was on duty in uniform. He went to the tavern to investigate a fight reported to be in progress. Plaintiff had been to the tavern at least a half a dozen times during the preceding six months to investigate disturbances, and he knew that the tavern had a reputation for rowdiness.

At the time plaintiff arrived at the tavern, there was no indication of a disturbance. When plaintiff entered the tavern he noticed some loud and boisterous behavior, but people were in the process of leaving. Suddenly one of the tavern patrons, whose name was Tower, began to assault another patron. Plaintiff attempted to subdue Tower and arrest him. Tower's friends came to his rescue, and they, as well as Tower, proceeded to hit plaintiff with their fists, resulting in the injuries complained of.

Plaintiff relies on *Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977), for the proposition that a tavern owner is liable in common law negligence to third persons who are injured by the conduct of a patron to whom the tavern owner has served drinks when the patron was visibly intoxicated. That case held that a person injured in an automobile accident in which the intoxicated tavern patron was the other driver could hold the tavern owner liable. Plaintiff would have us extend that liability in favor of a police officer who, while on duty, responds to a call to investigate a brawl among intoxicated patrons of a tavern.

While this question has not been addressed in Oregon, it is closely analogous to that involved in the "fireman's rule" which the Supreme Court adopted in

[363]

*Spencer v. B. P. John Furniture Corp.,* 255 Or 359, 467 P2d 429 (1970). In that case, the Court held that a fireman injured in firefighting does not have a cause of action against a property owner who has negligently caused the fire, unless it is shown that the danger which caused the injury was an "unusual, serious, hidden danger of a totally unexpected kind" (255 Or at 365). The Court stated:

"Whatever choice a fireman makes about those dangers to which he will submit himself, such choice is necessarily made at the time he becomes a fireman. When he appears upon the scene of a fire and realizes that the owner or possessor has created or permitted a situation which has enhanced the normal risks to be expected in fighting a fire of the kind involved, he does not have the privilege of refusing to fight the fire. He has to fight it anyway. When he becomes a fireman, he does not undertake to fight only ordinarily dangerous fires which have not been started nor been made more dangerous by someone's lack of care. He undertakes to fight all fires. As a result, for the purpose of deciding if any duty is owed to him by a property owner or possessor, it is impossible to distinguish situations solely on the basis of their being more than normally dangerous or their being made that way by someone's lack of care." 255 Or at 364-65.

Here, plaintiff was told to investigate the fight in a tavern, and knew that a normal risk of carrying out his official duties was that he would walk into a tavern where a fight was in progress and that he might be injured by the participants. There was no "unusual, serious, hidden danger of a totally unexpected kind."

We conclude that notwithstanding its apparent unfairness, the application of the "fireman's rule" to police is the better policy. If we were to accept plaintiff's contention, it would put a tavern owner in the anomalous position of being liable to other patrons for injuries he does not attempt to prevent by, among other things, calling the police, and to the police if he calls upon them and one of them is injured. At least

[364]

wo other states have applied the fireman's rule to policemen: *see Walters v. Sloan,* 20 Cal 3d 199, 142 Cal Rptr 152, 571 P2d 609 (1977); *Weaver v. O'Banion,* 359 So 2d 706 (1978).

Plaintiff also assigns error to the granting of summary judgment for defendant "where plaintiff policeman requested assistance and defendant Leston refused to give any such assistance." He relies upon ORS 162.245, which provides:

"(1)   A person commits the offense of refusing to assist a peace officer if upon command by a person known by him to be a peace officer he unreasonably refuses or fails to assist in effecting an authorized arrest or preventing another from committing a crime.

"(2)   Refusing to assist a peace officer is a violation."

Assuming, without deciding, that the statute was enacted to provide police officers with a private remedy for a violation thereof, plaintiff has not alleged in his complaint, or put in issue by other means, sufficient facts to come within its terms.

Affirmed.