Stanley A. ANTON, Plaintiff,

v.

Officer LEHPAMER, et al., Defendants.

Glen LEHPAMER, Counterplaintiff,

v.

Stanley A. ANTON, Counterdefendant.

No. 81 C 36.

United States District Court,
N. D. Illinois, E. D.

Jan. 29, 1982.

**240**

Miriam F. Miquelon, Miquelon, Cotter & Daniel Ltd., Chicago, Ill., for plaintiff.

Paul E. Dengel, Schiff, Hardin & Waite, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Stanley Anton ("Anton") sues (1) Downers Grove police officer Glen Lehpamer ("Lehpamer") for the alleged use of excessive force in arresting Anton and (2) other defendants for their alleged failure to give Anton adequate medical treatment for an injury he claims he received during the arrest. Lehpamer has counterclaimed for assault and intentional infliction of emotional harm, based on Anton's claimed attempt to kill Lehpamer during the arrest. Anton has moved to dismiss the Counterclaim. For the reasons stated in this memorandum opinion and order Anton's motion is denied.

### Facts[1]

On December 21, 1978 Lehpamer responded to a radio dispatch ordering him to investigate a domestic disturbance involving Anton. Lehpamer was warned Anton was carrying a loaded pistol.

When Lehpamer and other officers arrived at the scene and attempted to arrest Anton, Anton didn't comply with requests to stop and raise his hands over his head, instead keeping them in his jacket pocket while walking menacingly toward Lehpamer. During the arrest Anton made repeated threats to kill Lehpamer. After having eventually complied with the hands-over-head request, Anton suddenly threw his cap at Lehpamer and dropped his hands toward his sides.

Lehpamer reasonably believed Anton was trying to go for a weapon. Lehpamer and supporting officers immediately restrained Anton and confiscated a loaded pistol found in his pocket. As a result of the incident Lehpamer was apprehensive as to his physical safety and has suffered severe emotional distress.

### Policemen's Job-Related Tort Actions Generally

■ Neither party has addressed an important threshold issue as to the viability of Lehpamer's claims[2]: Can policemen bring job-related tort suits or are such actions barred by notions of assumption of risk or

---

1. Anton launches a mixed attack on the Counterclaim, in part asserting that its allegations are sham because inconsistent with Lehpamer's original arrest report and the expected answers to interrogatories served in this action. Lehpamer responded to that Fed.R.Civ.P. ("Rule") 11 contention in kind, pointing in part to the answers he actually gave to those interrogatories. Anton's Rule 11 motion is untenable, and in accordance with basic Rule 12(b)(6) principles this opinion accepts all the Counterclaim's well-pleaded allegations as true. No actual findings of fact are of course intended.

2. Lehpamer's omission to do so is of course unremarkable. It is not his obligation to deal with possible weaknesses not exposed by controlling legal authority.

contributory negligence? That basic question does not admit of an easy answer.

While Illinois courts have not directly addressed the issue,[3] several other jurisdictions have done so recently. In *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609 (1977) a policeman was called to a party where he attempted to arrest an intoxicated minor. After the policeman was attacked and injured by several intoxicated people, he sued the party host for unlawfully serving alcoholic beverages. That claim was rejected as a matter of law. Several other jurisdictions have accepted a similar rule. *Cullivan v. Leston*, 43 Or.App. 361, 602 P.2d 1121 (1979); *Hannah v. Jensen*, 298 N.W.2d 52 (Minn.1980); *Weaver v. O'Banion*, 359 So.2d 706 (La.App.1978).

Nonetheless it is inappropriate for this Court, bound to follow Illinois law, to apply that doctrine here. There are several reasons:

First, this is a controversial area of law still very much in flux. At least one prestigious court has even more recently rejected the notion that such actions will not lie. *Trainor v. Santana*, 86 N.J. 403, 432 A.2d 23 (1981). Absent a definitive *acceptance* of such a developing doctrine by an Illinois court, this Court should not apply it under conventional *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 principles.

Second, even accepting the *Walters-Cullivan-Hannah-Weaver* decisions need not bar Lehpamer's Counterclaim. All those cases involved *negligence* claims. None presented the kind of *intentional* torts alleged by Lehpamer.[4] Whatever the rationale for the rule—whether something akin to assumption of risk or otherwise—the considerations are very different when plainly wilful torts are involved, and the cases are not direct authority here.

Finally, there is a strong indication that in any event the Illinois courts would not accept the doctrine that precludes policemen's tort actions. Each of the already-cited decisions to that effect viewed its holding as an extension of the "fireman's rule." That rule, accepted in nearly all jurisdictions (including Illinois, see discussion in *Court v. Grzelinski*, 72 Ill.2d 141, 147–48, 19 Ill.Dec. 617, 620, 379 N.E.2d 281, 284 (1978)[5]), holds that an injured fireman cannot sue someone for negligently causing a fire.

But the Illinois Supreme Court has recently considered the "fireman's rule" in a different context. In *Grzelinski* a fireman was injured while fighting a fire that had erupted in a vehicle and exploded its gasoline tank. When the injured firefighter brought a products liability action against the manufacturer and retailer of the vehicle, the court was called on to decide whether the "fireman's rule" barred plaintiff's action.

It first noted that the "fireman's rule" developed early on when firefighters were legally characterized as licensees. Under traditional doctrines landowners or occupiers owed them "no greater duty than to warn of known concealed dangers and to refrain from inflicting wilful or intentional injury." Illinois had later rejected the common law classification as overly harsh, instead imposing a duty of reasonable care to firemen. Nonetheless it still barred actions based on negligently *causing* the fire itself. *Dini v. Naiditch*, 20 Ill.2d 406, 417, 170 N.E.2d 881, 886 (1960). Against that background *Grzelinski* refused to follow the lead of other jurisdictions[6] that had extended the "fireman's rule" beyond its landown-

**3.** Anton's Complaint advances both civil rights claims and claims invoking pendent jurisdiction. Because the Lehpamer counterclaim is grounded in common law principles and hence pendent jurisdiction, Illinois substantive law applies.

**4.** Indeed the police officer in *Hannah* sued both a bar and an intoxicated person who had attacked the officer. All the court dealt with and dismissed was the claim against the bar for

having negligently permitted its patron to get intoxicated.

**5.** To avoid confusion in terminology the case will be referred to as *Grzelinski* rather than *Court*.

**6.** It is worth noting that the principal such jurisdiction was California, which authored the *Walters* decision.

er/occupier foundation, 72 Ill.2d at 148–49, 19 Ill.Dec. at 620, 379 N.E.2d at 284:

> The rule cannot be expanded to a free-floating proposition that a fireman cannot recover for injuries resulting from risks inherently involved in firefighting. To do so would be tantamount to imposing the doctrine of assumption of risk into the occupation of firefighting and would be contrary to the limited concept of assumption of risk in Illinois. In negligence actions, assumption of risk is confined to those situations involving persons who have a contractual or employment relationship with the defendant.

Because Illinois has thus refused to expand the "fireman's rule" to embrace a broad assumption of risk approach on an occupational basis, it is highly unlikely that it would apply that notion to police suits.[7] This opinion turns then to the substance of Lehpamer's Counterclaim.

### Assault

■ Counterclaim Count I, stating everything in the "Facts" section of this opinion except the claim of emotional distress, is simple and well pleaded. Certainly Anton has been provided the adequate notice of Lehpamer's claim required by Rule 8(a).

Anton argues Lehpamer could not legitimately have feared an attack because when Anton assertedly reached for his gun several police officers held guns aimed directly at Anton. That simply raises a factual issue. This Court is not required to assume that an allegedly dangerous armed person will behave rationally. It cannot say as a matter of law that Lehpamer could not reasonably have feared an imminent battery.

Anton also contends Lehpamer has failed to state he was injured by the assault. That argument must be rejected:

(1) No bodily injury is required for an assault. *Rosenberg v. Packerland Packing Co.*, 55 Ill.App.3d 959, 13 Ill.Dec. 208, 370 N.E.2d 1235 (1st Dist. 1977).

(2) Counterclaim Count II (at ¶ 18) alleges Lehpamer has suffered severe emotional distress. That carries any necessary burden of a damage allegation.

Lastly, Anton points to claimed discrepancies between Lehpamer's interrogatory responses and various police reports. Again those arguments raise factual issues, inappropriate for resolution on a motion to dismiss.

Lehpamer's assault claim is adequately pleaded. Anton's motion to dismiss cannot succeed.

### Intentional Infliction of Emotional Distress

■ Illinois law has carefully defined the tort of intentional infliction of emotional distress as requiring (1) extreme and outrageous conduct (2) that intentionally and (3) proximately causes (4) severe emotional distress. *Public Finance Co. v. Davis*, 66 Ill.2d 85, 90, 4 Ill.Dec. 652, 654, 360 N.E.2d 765, 767 (1976). Lehpamer has without doubt adequately pleaded the last three elements.[8]

■ As for the "extreme and outrageous conduct" ingredient, Anton asserts much the same position already rejected on the assault count:

(1) Anton is accused simply of throwing his hat and lowering his hands.

(2) Lehpamer is a trained policeman.

(3) There were several other police officers surrounding Anton at the time.

---

7. After this opinion was issued Anton's counsel called to this Court's attention *Fancil v. Q.S.E. Foods, Inc.*, 60 Ill.2d 552, 328 N.E.2d 538 (1975). That case actually supports the conclusion reached in this opinion. There the court held that property owners are liable to policemen for injuries caused by unreasonably dangerous conditions on their property—a principle not attenuated by the fact no such action would lie under the specific circumstances presented to the court. *See, Williams v. Wie-*wel, 36 Ill.App.3d 478, 344 N.E.2d 34 (4th Dist. 1976). By closely linking the rights of policemen and firemen, *Fancil* further strengthens the precedential value of *Grzelinski*.

8. Anton urges repeatedly that it is insufficient simply to plead that an act was intentional, without advancing facts in support of the allegation. That position is at war with the notice pleading concept embodied in Rule 8(a) and with the more specific provisions of Rule 9(b).

Once more the argument is inapt on a motion to dismiss. Lehpamer alleges Anton made a deliberate attempt to shoot and kill him. At this stage of the case it must be recognized that Lehpamer *could* prove facts sufficient to demonstrate such conduct was outrageous. While Lehpamer's training and all the other circumstances of Anton's threat might convince a factfinder that Lehpamer's claim is meritless, this Court cannot dismiss his *pleading* as insufficient.

### Statute of Limitations

 Ill.Rev.Stat. ch. 83, § 15 establishes a two-year limitation for personal injury actions. Lehpamer's counterclaim was filed more than two years after Anton's alleged tort. However Ill.Rev.Stat. ch. 83, § 18 provides:

> A defendant may plead a set-off or counterclaim barred by the statute of limitations, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counterclaim was so barred. . . .

That provision clearly controls and saves Lehpamer's state law counterclaim. *Hernas v. City of Hickory Hills*, 507 F.Supp. 103 (N.D.Ill.1981).[9]

### Rule 11

As a final contention, Anton urges Lehpamer's Counterclaim should be stricken as a sham pleading under Rule 11. But just as with his other assertions, Anton would misuse Rule 11. That Rule, aimed at lawyer misconduct, is not at all applicable here. Anton *did* carry a loaded pistol and, on the Counterclaim's allegations, *did* drop his hands in a context that could have been perceived as a threat to use it. Whether the facts will eventually support Lehpam-er's legal claim remains to be seen. But Rule 11 plays no proper role in forestalling its assertion.[10]

### Conclusion

Anton's motion to dismiss Lehpamer's Counterclaim under Rules 12(b)(6) and 11 is denied. Anton is ordered to answer the Counterclaim on or before February 12, 1982.

---

**9.** Anton takes the bizarre position that state law establishes the limitation period (in Section 15) that bars Lehpamer's Counterclaim but not the saving clause (In Section 18) that preserves it. That argument carries its own death warrant. With equal untenability, Anton says Lehpamer's Counterclaim should be barred because of bad faith and laches, but presents no reason or authority for application of those principles.

**10.** Anton's position is equally inconsistent with the definition of the lawyer's role under Code of Professional Responsibility DR 7–102(a)(2):

> In his representation of a client, a lawyer shall not knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by a good-faith argument for an extension, modification, or reversal of existing law.