Argued and submitted November 18, 1981, affirmed May 12,
reconsideration denied June 10,
petition for review allowed August 24, 1982 (293 Or 483)

CHRISTENSEN,
*Appellant,*
*v.*
MURPHY,
*Respondent.*

(No. 14561, CA A20590)

644 P2d 627

W. Eugene Hallman, Pendleton, argued the cause for appellant. With him on the briefs were Mautz and Hallman, Pendleton, and Pippin and Bocci, Portland.

Douglass M. Hamilton, Portland, argued the cause for respondent. With him on the brief were I. Franklin Hunsaker, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff, Wendy Christensen, acting as personal representative of the estate of her deceased husband, John Christensen, appeals from a trial court's decision granting summary judgment in favor of defendant, Sherrie Murphy, in this wrongful death action. The issue is whether the trial court was correct in granting defendant's motion for summary judgment on the ground that the "fireman's rule" bars recovery by the plaintiff. We affirm.

The unfortunate facts giving rise to this case may be briefly summarized. On February 16, 1976, Daryl Thompson induced defendant, the night matron at the Northwest Regional Youth Center in Pendleton, Oregon, to let him into the facility. He then struck her and caused her to release Jeanne Nobel, a minor in custody in the detention center. Thompson and Nobel fled to a car a short distance away.

Thompson had difficulty starting the car, and Pendleton Police Office John Christensen stopped to assist. Christensen asked Nobel to get into his police car, presumably because it was cold, and prepared to "jump start" Thompson's car. Either immediately before or after she entered the police car, Nobel began to flee, shouting to Thompson to "run." Christensen ran after Nobel and tackled her at a point about 20 yards from the car. Thompson then ran after Christensen and stabbed him. Christensen died from the wound.[1]

The so-called "fireman's rule" was first adopted in Oregon in *Spencer v. B. P. John Furniture Corp.,* 255 Or 359, 467 P2d 429 (1970). There the plaintiff's decedent, a fireman, was killed while fighting a fire in defendant's furniture factory. The plaintiff brought a wrongful death action alleging that the defendant negligently started the fire and had allowed dust to accumulate on the premises, which resulted in an explosion during the fire, causing the decedent's death. The defendant successfully demurred to the plaintiff's complaint. The Supreme Court affirmed, adopting the "fireman's rule."

---

[1] For additional procedural background, *see Christensen v. Epley,* 36 Or App 535, 585 P2d 416, *aff'd in part by an evenly divided court, rev'd in part,* 287 Or 539, 601 P2d 1216 (1979).

The court held that a fireman injured in firefighting does not have a cause of action against a property owner whose negligence caused the fire, unless the danger that caused the injury was an "unusual, serious, hidden danger of a totally unexpected kind." 255 Or at 365. The court justified adoption of the rule as follows:

"Whatever choice a fireman makes about those dangers to which he will submit himself, such choice is necessarily made at the time he becomes a fireman. When he appears upon the scene of a fire and realizes that the owner or possessor has created or permitted a situation which has enhanced the normal risks to be expected in fighting a fire of the kind involved, he does not have the privilege of refusing to fight the fire. He has to fight it anyway. When he becomes a fireman, he does not undertake to fight only ordinarily dangerous fires which have not been started nor been made more dangerous by someone's lack of care. He undertakes to fight all fires. As a result, for the purpose of deciding if any duty is owed to him by a property owner or possessor, it is impossible to distinguish situations solely on the basis of their being more than normally dangerous or their being made that way by someone's lack of care."

Recently, this court held that the "fireman's rule" applies to police officers. In *Cullivan v. Leston,* 43 Or App 361, 602 P2d 1121 (1980), the plaintiff, an on-duty police officer, was injured while attempting to break up a fight in a tavern when he was assaulted by friends of one of the parties involved. He sued the proprietor of the tavern and the persons who assaulted him, claiming that the proprietor was liable on a common law negligence theory for allegedly serving alcohol to the persons who assaulted him when they were visably intoxicated. The tavern owner's motion for summary judgment was granted on the basis of the "fireman's rule." We stated:

"Here, plaintiff was told to investigate the fight in a tavern, and knew that a normal risk of carrying out his official duties was that he would walk into a tavern where a fight was in progress and that he might be injured by the participants. There was no 'unusual, serious, hidden danger of a totally unexpected kind.'" 43 Or App 364.

Both Oregon cases applying the rule have involved the potential liability of a landowner for an injury that

occurred on his premises.[2] The trial court here expanded the rule to bar an action for wrongful death of a police officer whose claim was not based upon any premises liability. Considering the rationale for the rule—that police officers, employed to encounter situations frequently caused by someone's negligence, should not be entitled to seek recovery for resulting injuries unless the danger involved is totally unexpected—we conclude that the trial court's application of the rule to a situation not involving "premises" was entirely appropriate.

Appellant further argues that, even if the rule is not limited to premises liability, a question of fact remained as to whether the officer's death resulted from an "unusual, serious, hidden danger of a totally unexpected kind." We disagree.

The facts are unclear as to whether Officer Christensen knew of the escape or suspected that the juveniles he had assisted were fugitives. Viewing the facts in the light most favorable to plaintiff, *Seeborg v. General Motors Corp.*, 284 Or 695, 588 P2d 1100 (1978), we assume that he was not so aware and that he was engaged in a routine effort to provide assistance to a stranded motorist. Nonetheless, the risk of a violent encounter between a police officer and any stranger he undertakes to assist is simply not unusual or unexpected; it is a known risk of the profession. Moreover, the issue here is not whether the danger of being stabbed in the course of a routine assistance stop is unusual or unexpected. The issue is whether such a danger is unusual in the course of chasing a fleeing suspect. Even assuming Christensen did not know about the earlier escape, Nobel's flight from the scene gave Christensen a reason to suspect and to apprehend her. The danger of a violent encounter in such a situation is by no means unusual or unexpected.

■ ■ We hold that the "fireman's rule" bars recovery by firemen and police officers who are injured in the course of their duties from one whose negligence caused the injury

---

[2] California has extended the rule beyond premises liability situations. *See Walters v. Sloan*, 142 Cal Rptr 152, 571 P2d 609 (1977); *Hubbard v. Boelt*, 28 Cal 3d 480, 169 Cal Rptr 706, 620 P2d 156 (1980); *Holden v. Chunestudey*, 101 Cal App 3d 959, 161 Cal Rptr 925 (1980).

unless the danger is unusual, serious, hidden and totally unexpected.[3] The uncontested evidence here, that the officer was stabbed after stopping to assist the assailant, does not establish the existence of such an unusual or unexpected danger.

Affirmed.

**JOSEPH, C. J.** dissenting

The majority approves the extension of the "fireman's rule" to afford immunity to a negligent actor for an injury occurring away from the premises on which the negligence took place. I would not make that extension, and I therefore dissent.

*Spencer v. B.P. John Furniture Corp.,* 255 Or 359, 467 P2d 429 (1970), which first recognized the rule in Oregon, is expressly reasoned in terms of the liability of owners or possessors of premises for injuries incurred in emergency situations on or in proximity to the premises. *Cullivan v. Leston,* 43 Or App 361, 602 P2d 1121 (1980), extended the immunity created by *Spencer* to the defendant in a claim by a policeman injured in attempting to break up a barroom brawl. It is also, at least implicitly, based on ideas about the liability of owners or occupiers of premises.

In retrospect, I am doubtful whether the rule ought to have been extended as it was in *Cullivan.* This case is another, and I think considerably more far reaching, expansion of the scope of the immunity. Logic neither compels nor frustrates that extension. It appears to be a pure policy choice. Believing that immunity from the consequences of one's dangerous acts should be granted only where there is a compelling policy reason to do so, I would not grant the immunity here.

---

[3] Appellant argues, for the first time in her reply brief, that, insofar as the fireman's rule is based upon assumption of the risk, which has been abolished in Oregon, ORS 18.475(2), it is no longer valid. Appellant did not raise that argument in the trial court; we therefore do not consider it here.